OMAHA HORSE RAILWAY COMPANY, PLAINTIFF IN ERROR, v. MARY J. DOOLITTLE, DEFENDANT IN ERROR.

1. **Negligence.** Where the carelessness of the plaintiff, as well as that of the defendant, operates *directly* to produce the injury complained of, the plaintiff is not entitled to recover; but in cases of mutual negligence the plaintiff is entitled to recover, unless he might, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence.

2. **Married Women.** A married woman may, while married, maintain an action in her own name for any matter in relation to her separate estate or business, or for injuries to her person.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J. The opinion states the facts of the case.

*George E. Pritchett*, for plaintiff in error.

I. Negligence cannot be presumed, but must be proved. Shearman & Redfield on Negligence, Sec. 12. To get out of a car while in motion is negligence. *Lucas v. Taunton R. R. Co.*, 6 Gray, 64. Riding on the platform is negligence. *Higgins v. N. Y., etc., R. R. Co.*, 2 Bosw., 132. There are no degrees in negligence; for, whether it be great or small, if it can be seen that in any measure without it the injury would not have happened, there can be no recovery. *Baxter v. 2d Ave. R. R. Co.*, 3 Robt., 510; 4 Robt., 377. 1 Sweeney, 208; 36 N. Y., 135. Where an injury has been sustained, and both parties are in fault in respect to it, and no design is imputable to the defendant, the true test of his liability is, could the injury have been avoided by ordinary care on the plaintiff's part? If it could, he must bear it; he cannot avail himself of the other party's negligence. *Brooks v. B. & N. F. R. Co.*, 25 Barb., 600. Where there is no conflict as to the facts, the question

as to whether there was negligence is a question of law for the court. *Solomon v. Central Park, &c., R. R.,* 1 Sweeny, 298. *Gonzales v. N. Y. & H. R. R.,* 38 N. Y., 440. *Thrings v. Central Park R. Co.,* 7 Robt., 616. *Lewis v. Baltimore & Ohio R. R.,* 13 Am. L. Register, 284.

*Redick & Connell,* for defendant in error, cited: *Poulin v. Broadway and 7th Avenue Railroad Co.,* 61 N. Y., 621. *Mulhado v. B. C. R. R. C.,* 30 N. Y., 370. *Nichols v. Sixth Avenue R. R. Co.,* 38 N. Y., 131. *Keating v. N. Y. C. R. R. Co.,* 49 N. Y., 673. *Colt v. Sixth Avenue R. R. Co.,* 49 N. Y., 671.

MAXWELL, CH. J.

The plaintiff in error is a corporation operating a horse railway for the transportation of passengers in the city of Omaha. The defendant in error brought an action in the district court of Douglas county against the plaintiff herein, to recover damages for personal injuries claimed to have been sustained by her, while a passenger on one of plaintiff's cars, on the night of November 17, 1875, through the negligence of the driver. On the trial of the cause a verdict was rendered in favor of the defendant in error for the sum of $4,950. A motion for a new trial having been overruled, judgment was rendered in favor of the defendant herein for the amount of the verdict. The plaintiff in error brings the cause into this court by petition in error.

The errors relied upon are: *First.* That the evidence fails to show negligence on the part of the plaintiff, or its agent, the driver of the car. *Second.* That the defendant was guilty of contributory negligence. *Third.* That the court erred in refusing to give certain instructions to the jury. *Fourth.* That the damages are exces-

sive, and not warranted by the testimony.  *Fifth.* That
the defendant was erroneously permitted to maintain the
action in her own name.

It appears from the testimony that the night of No-
vember 17, 1875, was very dark; that the defendant en-
tered the car near the north end of the track, and
requested the driver to stop at the *west* crossing of Sev-
enteenth street and Capital avenue.  She also stated to
Shelby, a passenger in the car, that she wished to leave
the car at the place heretofore designated, and he prom-
ised to ring the bell at the proper place for the car to
stop.  The defendant sat in the forward end of the car,
and about the time that it reached the point designated
she again requested the driver to stop the car at the
west crossing; at this time Shelby rang the bell.  She
immediately went to the rear end of the car and stood
at the door, or went out upon the step, waiting for the
car to stop.  The car came to a full stop for a moment,
about twelve feet east of the west crossing, and as the
defendant was in the act of stepping off, suddenly started
forward, throwing the defendant violently against the
step of the car, fracturing two of her ribs and inflicting
serious and permanent injuries on her.

There is some conflict in the testimony, and the de-
fendant is clearly mistaken in stating that at the time
she requested the driver to stop, she saw the light from
the east side of the basement of the Presbyterian church.
But this mistake could only affect her credibility before
the jury, and is not claimed to have been willful mis-
representation.

Mr. Shelby, called as a witness for the defendant, tes-
tifies that he must have rung the bell forty or fifty feet
west of the west crossing.

The driver of the car states in his testimony that at
the time the bell rang he was very near the *west* cross-
ing, and was too near to attempt to stop there, and was

making for the next crossing. He also stated that he could stop the car on that grade in ten or twelve feet.

It appears that the grade at this point is about one hundred and fifty feet to the mile, and the plaintiff's theory is, that the driver did not attempt to stop the car at the west crossing; but being unable after receiving the signal to stop there, he was passing on to the east crossing before stopping, and that the temporary stoppage near the west crossing was caused by the brakes catching the wheels, and was not caused by the driver endeavoring to stop the car. This defense, if fully established, would exonerate the plaintiff from liability. But the question, whether the car stopped at the point designated or not, is purely one of fact, and, there being a conflict of testimony on that point, was for the jury alone to determine. It is somewhat remarkable, however, if the plaintiff's theory be true, that no attempt was made to stop the car as requested, and no satisfactory reason given for the failure to do so. After a careful examination of the testimony it is apparent that there is a clear preponderance of testimony showing that the car was stopped for the purpose of permitting the defendant to alight from the same; and the preponderance of testimony upon that point disposes of the second objection raised by the plaintiff.

The plaintiff asked the court to give the following instruction, which was refused, and which is assigned for error: "If the jury believe that plaintiff got up from her seat in the car while it was in motion, and walked to the door and out upon the step of the car while it was in motion, and before it had been stopped by the driver, such act is negligent on her part, and she cannot recover in this action, no matter how negligent the driver was, unless he acted willfully."

In support of this instruction we are referred, among other cases, to that of the *P., F. W. & Ch. Railway Co.*

*v. Krichbaum's administrator*, 24 Ohio State, 119, in which it was held that, where the carelessness of the plaintiff, as well as that of the defendant, operated directly to produce the injury complained of, the plaintiff has no right to recover.

In the case of the *C. C. & C. R. R. Co. v. Crawford*, 24 Ohio State, 638, the court, after stating what ordinary prudence requires of a person before attempting to cross a known railroad track, say: " The rule, as above stated, does not preclude a recovery in all cases where the injured party omits to employ his senses to discover and avoid injury, even though the omission may be regarded as negligent; but only in those cases where the omission *contributes* to the injury."

The defendant's negligence is of no consequence, if it did not contribute to bring upon her the injury of which she complains. *Savage v. Com. Ex. Ins. Co.*, 36 N. Y., 655. *Morrison v. Gen. St. Nov. Co.*, 8 Exch., 733. *Norris v. Litchfield*, 35 N. H., 271. *Alger v. Lowell*, 3 Allen, 402. *Churchill v. Rosebeck*, 15 Conn., 369.

The law is thus stated by an able court: " Although there may have been negligence on the part of the plaintiff, yet unless he might by the exercise of ordinary care have avoided the consequences of the defendant's negligence, he is entitled to recover." *C. C. & C. R. R. Co. v. Crawford*, 24 Ohio State, 688. *Timmons v. Central Ohio R. R. Co.*, 6 Ohio State, 105.

This in our view is a correct exposition of the law. The injured party is not guilty of contributory negligence where he could not, by the exercise of due care, have avoided the consequences of another's carelessness. The instruction asked by the plaintiff *assumes* that the defendant was guilty of contributory negligence, even if the act had not in the slightest degree contributed to the accident. The instruction was therefore properly refused.

The first instruction asked by the plaintiff had already

been given by the court, and it was not error to refuse to repeat it.

It is claimed that the damages are excessive. Since the case has been pending in this court the defendant has filed a remititur for the sum of fifty dollars, for the amount of the physician's account, for his services in waiting upon the defendant. But one physician was called as an expert, and he by the defendant, to testify to the character of the defendant's injuries. If these injuries were not regarded as being permanent in their nature it is somewhat remarkable that on the trial of the cause in the city of Omaha, with a number of skillful physicians at hand, none were called by the plaintiff to show the character of the injuries. The verdict, although for a greater sum than would have been allowed by the court, is not so disproportionate to the character of the injuries proved as to authorize the interference of the court to set it aside on the ground that it is excessive.

It is claimed that the defendant being a married woman cannot maintain the action in her own name. Section three of the act relating to the rights of married women, approved March 1, 1871, provides: " That a woman may, while married, sue and be sued in the same manner as if she were unmarried." It is said that this simply gives her a right of action in reference to her separate estate, and does not extend to injuries to her person. We cannot give so narrow a construction to the law. A wife may maintain an action in her own name, in all matters relating to her separate estate. If carrying on any trade or business she may maintain an action for her personal earnings, or the proceeds of her business, and she may maintain an action for an injury to her person. In *Pope v. Hooper*, 6 Neb., 187, it is held that the act of 1871 wholly removed the common law disability of married women.

After a careful examination of the entire case we find no error to justify a reversal of the judgment. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.