CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY
v. STANISLAUS GRABLIN, ADMINISTRATOR.

FILED OCTOBER 18, 1893. NO. 4355.

1. **Railroad Companies:** CHILD ON TRACK: DEATH BY WRONGFUL ACT: NEGLIGENCE: PLEADING: EVIDENCE. An administrator sued a railroad company for damages for negligently killing his intestate, a boy nine years old, by running an engine against him while he was on the railroad track. The grounds of negligence averred in the petition were (*a*) the failure of the railroad company to fence its track; (*b*) the neglect of those in charge of the engine to signal its approach by bell or whistle; (*c*) that the train was not on schedule time; (*d*) that it was run at a high rate of speed; and (*e*) that it was not equipped with

air-brakes. *Held*, That under these allegations evidence that the engineer, had he been exercising a careful and vigilant lookout, could have seen the boy in time to have stopped the train, was inadmissible.

2. ———: ———: ———: CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS. In such an action, where it is claimed by the defense that the injury resulted from the contributory negligence of the deceased infant, it is proper for the court to instruct the jury that in determining whether or not he was guilty of negligence they should take into consideration his age and discretion, and that the same degree of caution and care should not be required of him as in the case of an adult under similar circumstances. *Huff v. Ames*, 16 Neb., 139, followed.

3. ———: ———: ———: FAILURE TO FENCE TRACK: LIABILITY FOR DAMAGES. Where a child, to whom negligence is not imputable by reason of his tender years and lack of discretion, goes upon a railroad track in consequence of the failure of the railroad company to fence the same as required by statute, and is killed by an engine, the parents of the child exercising at the time ordinary care in the premises, the railroad company is liable.

4. ———: RATE OF SPEED : NEGLIGENCE. Outside the limits of cities, villages, and towns negligence cannot be imputed to a railroad company solely by reason of the speed of its train, however great. Whether under the circumstances the rate of speed is negligence is a question of fact.

5. ———: NEGLIGENCE: FAILURE TO EQUIP TRAIN WITH AIR-BRAKE. It is the duty of railroad corporations to adopt and use tried and proved modern machinery and appliances in the operation of their roads and in the management and control of their trains. The air-brake is among the modern tried and proved appliances that have become a necessity for the safe operation and management of railroad engines and trains, and the neglect of a railroad company to equip its trains with such brake may be negligence.

6. ———: ———: CHILD KILLED ON TRACK: LIABILITY OF COMPANY FOR DAMAGES. Where a child, no contributory negligence appearing, while trespassing on a railroad company's track, is struck by an engine and killed, the railroad company is liab'e for damages, if the engineer in charge of the engine, by the exercise of such careful and vigilant lookout as was consistent with his other duties, could have seen the child in time to have prevented the accident.

ERROR from the district court of Hall county. Tried below before HARRISON, J.

The facts are stated in the opinion.

*O. A. Abbott*, for plaintiff in error:

The company owes trespassers upon its tracks for right of way but one duty, to-wit, to use all possible efforts to avoid injury to them after they are discovered upon its tracks or right of way. If it has performed that duty, it is not liable to them for any injury they may sustain. Neglect by the company to perform duties it may have owed to others, as, for instance, its neglect to keep a vigilant outlook for obstructions, is a duty it owes to its passengers; but trespassers have no right to complain of any failure of duty toward passengers. Some duty owed to them must have been neglected to give them a standing in court. (*St. Louis, I. M. & S. R. Co. v. Freeman*, 36 Ark., 41, 4 Am. & Eng. R. Cases, 608; *Chicago & A. R. Co. v. Becker*, 76 Ill., 30; *Morrissey v. Eastern R. Co.*, 126 Mass., 380; *Johnson v. Boston & M. R. Co.*, 125 Mass., 79; Sherman & Redfield, Negligence [4th ed.], secs. 5, 8, 15; *Central Branch U. P. R. Co. v. Henigh*, 23 Kan., 358; *Meyer v. Midland P. R. Co.*, 2 Neb., 339.)

*John H. Ames* and *Marquett & Deweese*, also for plaintiff in error:

The plaintiff's intestate, at the time of the accident, was a trespasser upon the railway company's right of way and railroad track. The place of the casualty was nearly eight hundred feet from any lawful crossing. The intestate was not invited to the place, either especially or generally, as one of the public for the purpose of the transaction of business. It does not appear that he had any occasion of his own, or of his parents, to visit the place, except for his own

amusement. The company is not liable under such circumstances in the absence of wanton and reckless conduct on its part. (*Hargreaves v. Deacon*, 25 Mich., 1; *Brown v. European & N. A. R. Co.*, 58 Me., 384; *Gillespie v. McGowan*, 100 Pa. St., 144; *Baltimore & O. R. Co. v. Schwindling*, 101 Pa. St., 258; *Nolan v. New York, N. H. & H. R. Co.*, 53 Conn., 461; *Frost v. Eastern Railroad*, 64 N. H., 220; *Clark v. Manchester*, 62 N. H., 577; *State v. Manchester & L. R.*, 52 N. H., 528; *Sweeny v. Old Colony & N. R. Co.*, 10 Allen [Mass.], 368; *Severy v. Nickerson*, 120 Mass., 306; *Morgan v. Hallowell*, 57 Me., 375; *Pierce v. Whitcomb*, 48 Vt., 127; *McAlpin v. Powell*, 70 N. Y., 126; *St. Louis, V. & T. H. R. Co. v. Bell*, 81 Ill., 76; *Gavin v. City of Chicago*, 97 Ill., 66; *Wood v. Independent S. D. of Mitchell*, 44 Ia., 27; *Gramlich v. Wurst*, 86 Pa. St., 74; *Cauley v. Pittsburgh, C. & St. R. Co.*, 95 Pa. St., 398; *Mangan v. Atterton*, 1 Ex. L. R. [Eng.], 239 *; *Knight v. Abert*, 6 Pa. St., 472; *Savannah & W. R. Co. v. Meadows*, 10 So. Rep. [Ala.], 141; *Woodruff v. Northern P. R. Co.*, 47 Fed. Rep., 689; 1 Thompson, Negligence, 448; *Saldana v. Galveston, H. & S. A. R. Co.*, 43 Fed. Rep., 862; *Ross v. Texas & P. R. Co.*, 44 Fed. Rep., 44; *Carrico v. West Virginia C. & P. R. Co.*, 14 S. E. Rep. [W. Va.], 12; *Spicer v. Chesapeake & O. R. Co.*, 45 Am. & Eng. R. Cases [W. Va.], 28; *Blight v. Camden & A. R. Co.*, 21 Atl. Rep. [Pa.], 995; *Dlauhi v. St. Louis, I. M. & S. R. Co.*, 16 S. W. Rep. [Mo.], 281; *Hargreaves v. Deacon*, 25 Mich., 5; *Ross v. Texas & P. R. Co.*, 44 Fed. Rep., 44; *Woodruff v. Northern P. R. Co.*, 47 Fed. Rep., 689; *Palmer v. Chicago, St. L. & P. R. Co.*, 14 N. E. Rep. [Ind.], 70; *Tennis v. Interstate Consolidated R. T. R. Co.*, 25 Pac. Rep. [Kan.], 876; *Toomey v. Southern P. R. Co.*, 24 Pac. Rep. [Cal.], 1074; *Masser v. Chicago, R. I. & P. R. Co.*, 27 N. W. Rep. [Ia.], 776; *Bouwmeester v. Grand Rapids & I. R. Co.*, 34 N. W. Rep. [Mich.], 414; *Scheffler v. Minneapolis & St. L. R. Co.*, 21 N. W. Rep. [Minn.], 711; *Philadelphia*

& R. R. Co. v. Hummell, 44 Pa. St., 378 ; Mason v. Missouri
P. R. Co., 27 Kan., 83.)

Henry Nunn and Thummel & Platt, contra:

A child is held to no greater care than is usually pos-
sessed by children of the same age. (Beach, Contributory
Negligence, sec. 46 ; Sioux City & P. R. Co. v. Stout, 17
Wall. [U. S.], 657; Whitaker's Smith on Negligence, sec.
411 ; Washington & G. R. Co. v. Gladman, 15 Wall. [U.
S.], 401; Baltimore & O. R. Co. v. State, 30 Md., 47 ; 2
Thompson, Negligence, p. 1140; Ewen v. Chicago & N.
W. R. Co., 38 Wis., 613 ; McGovern v. New York C. &
H. R. R. Co., 67 N. Y., 417 ; City of Chicago v. Hesing,
83 Ill., 205; Ostertag v. Pacific R. Co., 64 Mo., 421, and
cases cited.)

When the statute imposes upon all railroad companies of
this state the duty of erecting and maintaining fences on both
sides of their roads, and they fail to do this, they owe a greater
degree of carefulness and watchfulness to the general public
than if they had complied with the law; and when they run
their trains through the country without fencing, they do so
at their own peril. (Schmidt v. Milwaukee & St. P. R. Co., 23
Wis., 186 ; Blair v. Milwaukee & Prairie Du Chien R. Co., 20
Wis., 254*; Singleton v. Eastern Counties R. Co., 97 Eng.
Com. L., 287.)

The evidence shows the track to have been perfectly clear
and unobstructed for nearly half a mile, and that the
smallest object of a similar color to the child's clothes
could be readily seen for over twelve hundred feet by a per-
son standing on the track. The testimony of the engi-
neer is that he did not see the child until within thirty-five
feet of him. It is the duty of an engineer to keep a look-
out. Not to discover the child under such circumstances
is negligence, and that negligence is the proximate cause of
the injury, whilst the negligence of the child in going on
the track is only a remote cause. Under his own evidence

the engineer was running his train in a wanton and reckless manner. (*Houston & T. C. R. Co. v. Sympkins,* 54 Tex., 615; *Baltimore & O. R. Co. v. State,* 33 Md., 554; *Brandon v. Gulf City Cotton Press & Mfg. Co.,* 51 Tex., 121; *Meeks v. Southern P. R. Co.,* 56 Cal., 513; *Ostertag v. Pacific R. Co.,* 64 Mo., 425; *Donahoe v. Wabash, St. L. & P. R. Co.,* 83 Mo., 543; *Isabel v. Hannibal & St. J. R. Co.,* 60 Mo., 475; *Isbell v. New York & N. H. R. Co.,* 27 Conn., 404; *Deans v. Wilmington & W. R. Co.,* 12 S. E. Rep. [N. Car.], 77; *Wilson v. Norfolk & S. R. Co.,* 90 N. Car., 69.)

RAGAN, C.

On July 12, 1888, Samuel Grablin, a boy about nine years old, while trespassing on the track of the Chicago, Burlington & Quincy Railroad Company—hereinafter called the "railroad company"—was struck and killed by engine of said railroad company.

This is a suit for damages brought against the railroad company by the boy's administrator. There was a verdict and judgment for the administrator, and the railroad company prosecutes error.

The averments of negligence in the petition are as follows: That plaintiff is the father of the deceased, and at the time of his death lived on a farm near the railroad company's track; that no part of the line of road at the time of the accident was fenced; that the deceased was about nine years of age, and was sent by his father to look after some stock, shortly before he was killed; that the train causing the accident to the deceased consisted of a locomotive and some freight cars, and that said train was not equipped with air-brakes; that the train was an irregular one and out of its usual time, and was running at a great rate of speed, and omitted to give any signal, by bell or whistle, of its approach, and was not on the time of any trains passing at that point, and was so negligently and

carelessly run without air-brakes, and without proper care, and without proper signal or alarm of its approach, by reason whereof the deceased was unaware of its approach, etc. There are here, then, pleaded as negligence which caused or contributed to the casualty: (*a*) the train was not equipped with air-brakes; (*b*) the train was not on schedule time; (*c*) the train was run with great speed; (*d*) on signal by bell or whistle was given of its approach; and (*e*) that the railroad track was not fenced.

The answer of the railroad company was a general denial of the averments of the petition, and a plea of contributory negligence on the part of the deceased.

On the trial the administrator was permitted, against the objection and exception of the railroad company, to prove by several witnesses, and certain facts and circumstances, that if the engineer in charge of the locomotive had been observing a proper and careful lookout ahead he could have seen the boy in time to have brought the train to a stop before it reached the point where the boy was; or, stated differently, the administrator was permitted to introduce evidence showing a ground of negligence not alleged in the petition as causing or contributing to the accident. This ruling of the trial court is assigned as error. The rule everywhere is that the pleadings and proof must agree. This action was for damages alleged to have been caused by the negligent acts and omissions of the railroad company. The neglect or failure of the engineer to keep a proper lookout ahead is not alleged in the petition as one of these acts or omissions of negligence. Pleadings should be liberally and fairly construed, but such a construction of this petition would not advise the railroad company that on the trial it would have to meet this ground of negligence. No such ground of negligence was alleged in the petition, nor fairly inferable from the language thereof. The allegations in the petition that the train "was so. negligently and carelessly run without air-brakes, and without

proper care, and without proper signal or alarm of its approach," by every fair construction of the language, had reference to the running of the train without air-brakes, without giving the signal of its approach by bell or whistle, and by running it at a great rate of speed and out of schedule time. The admission then of the evidence tending to show that the engineer could, by the exercise of a careful and vigilant lookout, have seen the boy in time to have saved him, was error.

It remains to be ascertained whether the admission of this evidence was prejudicial to the railroad company as well as erroneous. The undisputed evidence in the record is that the deceased, at the time he was struck by the engine, was a trespasser on the railroad company's track ; that he was not on or nearer than 200 feet of any public or private crossing; that the engine was within thirty-five or forty feet of the boy when he was first seen by the engineer; that the boy was then lying on the track between the rails; that the servants of the railroad company, after their discovery of the boy, made every reasonable and proper effort to stop the train and prevent the accident; that the railroad company's track was not fenced; and that the engine and tender were equipped with an air-brake, but the other cars in the train were not. There was evidence also that the boy had been wallowing in a pool of water in a "borrow-pit" near the track, and had probably lain down in the sun on the track to dry himself and fallen asleep; that the speed of the train was seventeen to thirty-five miles an hour; that the boy when struck was at a point about 700 feet east of a private crossing and 1,200 feet east of a public crossing; that the train, until within 300 feet of the boy, was, for some distance, running on a curved track; that the accident occurred about 5 o'clock P. M. on a bright, sunny day; and that the boy had been sent out by his father that afternoon to look for some stock. It is the duty of railroad companies to signal the approach of their trains to cross-

ings by bell or whistle, and their failure to do so is negligence for which, in case of injury, they will be responsible. But as the boy was not on or near a crossing or attempting or about to use a crossing when struck, and the train was too far away from the nearest crossing to render a signal of its approach availing, the rule stated above has no application to this particular case. If this verdict rested alone on the alleged negligence of the railroad company in not giving signals for the crossings, it could not stand.

The fact, if it was a fact, that the train was not on schedule time, of itself was not a statement of any negligence, and there is nothing in the record tending to show that the unfortunate casualty was caused or contributed to by that circumstance. This verdict does not depend on that fact in any degree for its support.

It is doubtless the duty of railroad companies to adopt, apply, and use the latest and best tried and proved machinery and appliances in the operation of their roads and for the management and control of their trains and engines. It is a duty they owe especially to their patrons and to the general public, and results from the nature of the business for which they exist and in which they are engaged, viz., the carrying of freight and passengers. The air-brake is among the modern tried and proved appliances that have become a necessity in the operation and management of railroad engines and trains; and the neglect of a railroad company to keep its trains equipped with such brake is doubtless negligence for which, in case of injury resulting therefrom, it would be liable. But in the case at bar the evidence—and all the evidence—shows that the boy, when first seen by the engineer, was only thirty-five or forty feet away. No train running seventeen to thirty-five miles an hour, if fully equipped with an air-brake, could have been stopped in that distance. Unless, then, the speed of the train was negligence, the default of the railroad

company in not equipping the entire train with air-brakes in no manner contributed to this boy's death. We are not prepared to say that ordinarily any rate of speed of a train, however high, outside of the limits of cities, towns, and villages is of itself negligence. The verdict in this case does not rest on the alleged negligence of the railroad company in not equipping its train with air-brakes, nor running it at a high rate of speed, nor on both together.

By the statutes of this state railroad companies are required to fence their tracks, and while the main objects of this law are to protect stock running at large and increase the safety of passengers on railway trains, yet the fencing of their tracks by railroad companies is a positive duty enjoined upon them by law. It is in the nature of a police regulation, and their failure to obey the statute is negligence. In the case at bar the administrator, to recover by reason of the failure of the railroad company to erect fences, must have proved that his intestate's death was caused by such negligent omission of the railroad company. The administrator, on the trial, offered to prove the failure of the railroad company to fence its tracks as required by the statute, and the trial court refused to admit the evidence. The evidence was competent and should have been admitted.

The verdict in this case rests almost entirely upon the evidence that the engineer, had he been keeping a proper and vigilant lookout ahead, could have seen the boy in time to have saved him. The admission of the evidence to prove such negligence was, therefore, prejudicial error.

We might close this opinion here, but as the case must be tried again we deem it best to notice some other points.

Exception is taken by the plaintiff in error to the giving by the trial court of an instruction as follows: "You are instructed that if you believe from the evidence that the deceased, Samuel Grablin, at the time he was killed was about eight years of age, and that he went upon the

track of the defendant company, and that the engineer running or having in charge the engine, through the want of ordinary or reasonable care, skill, or attention, ran the engine against Samuel Grablin and killed him, in the manner and form as alleged in plaintiff's petition, then the plaintiff has a right to recover in this case; provided, you further believe from the evidence that Samuel Grablin, by reason of his being so young, was incapable of exercising any more care or discretion than he did show or exercise at the time of the accident." This instruction left to the jury the question whether or not the boy, his age and discretion considered, was guilty of contributory negligence in trespassing on the railroad track.

In *Huff v. Ames,* 16 Neb., 139, this court thus announces the rule in such cases: "In an action by an infant for damages, caused by the alleged negligence of the defendant, where it is claimed by the defense that the injury resulted from contributory negligence of the infant plaintiff, it is proper for the court to instruct the jury that in determining whether or not the plaintiff was guilty of negligence they should take into consideration his age and discretion in determining that fact, and that the same degree of caution and care should not be required of him as in case of an adult under similar circumstances." This is undoubtedly the correct rule. It would be manifestly unreasonable, if not inhuman, to judge the conduct of an infant of tender years by the same standard which governs the conduct of an adult. All that the law requires of such an infant is that he exercise that care, discretion, and prudence which may reasonably be expected from children of like age. (Beach, Contributory Neg., sec. 46; Sherman & Redfield, Neg., sec. 73; Whittaker, Neg., p. 411; *Sioux City & P. R. Co. v. Stout,* 17 Wall. [U. S.], 657.) In the abstract the instruction was correct.

The trial court refused to instruct the jury as follows: "You are instructed that although you may find from the

evidence that the engineer was negligent in not seeing the boy upon the track in time to avoid the injury to him, or that the train was not properly equipped, still, if you find that the negligence of the boy in going upon the track caused or contributed to the injury, you must find a verdict for the defendant, unless you further find that the company or its servants were willfully or recklessly negligent after the boy was discovered, or that the engineer willfully avoided seeing the boy on the track sooner than he did see him." This refusal of the court is here assigned as error by the railroad company. This instruction is based on the doctrine that as the boy was a trespasser on the railroad company's track, the engineer's failure to see him in time to avoid the accident was not actionable negligence, even though the engineer could have seen him had he been exercising a vigilant lookout; that a railroad engineer is under no obligation to keep a lookout for intruders on the track; and that the railroad company can only be held liable for the boy's death if its servants were guilty of negligence towards him after they discovered him on the track. This doctrine has found advocates in some courts of eminent respectability. But we cannot adopt it. It is the duty of an engineer in charge of a locomotive and train to exercise a careful and vigilant lookout ahead for any and all kinds of obstructions on the track. This duty the corporation he serves owes both to passengers on the train he is hauling and to the public. True, the engineer is not enjoined with the duty of keeping an especial lookout for sleeping children on the track; nor is he ordinarily enjoined with the duty of keeping such lookout for a burning culvert, because it is not likely to be on fire, but if it is, and he fails to see it by reason of neglecting to exercise a vigilant lookout, he is guilty of negligence. And in the case at bar, if the engineer could, by exercising such vigilant and careful lookout as was consistent with his other duties as engineer, have seen the boy in time to

save him, then his neglect to exercise such careful and vigilant lookout was negligence.

*Virginia M. R. Co. v. White's Administrator,* 34 Am. & Eng. R. Cases [Va.], 22, was a suit for damages for killing an adult trespasser. The trial court refused to instruct the jury as follows: "If the jury believe from the evidence that plaintiff's intestate was killed by the engine of the defendant company while he was walking on one of the tracks of the defendant in its yards, * * * the plaintiff cannot recover for such injury unless he proves to the satisfaction of the jury that the engineer, * * * after he discovered the danger in which the deceased was placed, could, by the use of ordinary care, have prevented the accident." On appeal the supreme court of Virginia say: "This instruction was properly refused. Its vice is that it ignores the duty of the engineer * * * to have exercised ordinary care and diligence in keeping a lookout to avoid injuries to the deceased. * * * It was the duty of the engineer to use ordinary care not only after discovering the dangerous position of the deceased, but in keeping a lookout to warn him of approaching danger." To the same effect see *Guenther v. St. Louis, I. M. & S. R. Co.,* 34 Am. & Eng. R. Cases [Mo.], 47; *Reilly v. Hannibal & St. J. R. Co.,* 34 Am. & Eng. R. Cases [Mo.], 81.

In *Texas & P. R. Co. v. O'Donnell,* 58 Tex., 27, it is said: "A railroad company is responsible for an injury to a child trespassing on its track, where the injury might have been prevented had the employes of the company used ordinary care, in keeping an outlook." To the same effect see *Isabel v. Hannibal & St. J. R. Co.,* 60 Mo., 475; *Atchison, T. & S. F. R. Co. v. Smith,* 28 Kan., 541; *Keyser v. Chicago & G. T. R. Co.,* 66 Mich., 390; *Meeks v. Southern P. R. Co.,* 56 Cal., 513; *Frick v. St. Louis, K. C. & N. R. Co.,* 75 Mo., 542.)

The refusal of the court to give the instruction referred to was correct. For the error committed in the admission

of testimony, as stated above, the judgment of the district court is reversed, the cause is remanded, with instructions to the court below to grant the plaintiff in error a new trial, and to permit the plaintiff below, if he so desires, to amend his petition.

REVERSED AND REMANDED.

MAXWELL, C. J., dissenting.*

I am unable to give my assent to the opinion in this case for the following reasons:

The syllabus does not present the point actually decided. In the petition, as set out in the opinion, it is alleged that the train "was so negligently and carelessly run without air-brakes, and without proper care, and without proper signals or alarm of its approach, by reason whereof the deceased was unaware of its approach." The evidence objected to as set forth in the opinion was "that if the engineer in charge of the locomotive had been observing a proper and careful lookout ahead he could have seen the boy in time to have brought the train to a stop before it reached the point where the boy was," and it was held in the above opinion that this proof was not admissible under the pleadings, and the case on that ground reversed. To this I cannot give my assent. The allegation that the train was run without proper care at the place where the death occurred would admit any evidence tending to show negligence or want of due care. Negligence is the ultimate fact to be pleaded, and it forms part of the act from which injury arises. An allegation of negligence or carelessness, as applied to the conduct of a party, is not a mere conclusion of law, but a statement of an ultimate fact. (*Rolseth v. Smith*, 35 N. W. Rep. [Minn.], 565; *Clark v. Chicago & W. M. R. Co.*, 28 N. W. Rep. [Mich.],

* The opinion in this case at the time it was filed was concurred in by all the members of the court. Subsequently the chief justice furnished the reporter the above dissenting opinion.

914; Maxw. Code Pl., 252, and cases cited.) Any proof tending to show a want of due and proper care is admissible under the allegations of the petition, and the court cannot, without a forced construction, limit these words to the want of air-brakes or the failure to blow the whistle or ring the bell. The charge is general that the train was run "without proper care." The language evidently refers to the running of the train. Under the Code, language is to be given its ordinary and natural meaning, the same as it would have in a contract or other instrument. In my view great injustice is done by the reversal upon the ground stated. The judgment should be affirmed.