OMAHA & REPUBLICAN VALLEY RAILWAY COMPANY
v. MARY COOK.

FILED FEBRUARY 19, 1895. No. 5101.

1. **Railroad Companies:** DUTY TO TRESPASSERS ON TRACK:
NEGLIGENCE. The engineer in charge of a railroad train may
presume that a trespasser discovered on the track is in possession
of his senses, that he will appreciate the danger and act with
discretion. He is therefore under no obligation to stop his train
or even lessen the speed thereof before discovering that such
trespasser is in iminent danger of personal injury.

2. ———— : ————. Such presumption has no application to persons
incapable of caring for themselves, such as the very young and
the helpless.

SUPPLEMENTAL motion for a rehearing of the case as
reported in 42 Neb., 577.

POST, J.

We are by means of a supplemental motion for a rehear-
ing asked to modify the proposition stated in the second
paragraph of the syllabus of the opinion filed herein No-
vember 8, 1894. (See *ante,* page 577.) It is said that the
rule therein asserted is oppressive and calculated to greatly
interfere with the running of trains, and embarrass rail-
road companies in the transaction of their business as com-
mon carriers; and, as said in the brief accompanying the
motion: "If such be the rule, trespassers are in control—
if they choose to be—of the tracks and premises of rail-
road companies, and the operation of trains may depend
entirely upon the whim or caprice of evil disposed per-
sons." But counsel evidently misconceive the scope and
effect of the decision complained of. What was there in
fact decided is that since the peril of the plaintiff below
was discovered by the engineer in charge of the train in
time to have averted the injury, the giving of the instruc-

tion referred to in the syllabus is at most error without prejudice. Among the special findings by the jury was the following:

Q. Could the defendant's agents by the appliances then at their command, after it became apparent that plaintiff was walking between the rails unaware of the coming of the train, have stopped the train before it reached her?

A. Yes.

We certainly do not wish to be understood as intimating that it is in every case the duty of the engineer to stop his train or even lessen the speed thereof on the discovery of a trespasser upon the track, or that the rule of the instruction would be a safe direction in every action against a railroad company for injuries to trespassers. The rule is correctly stated in Wharton, Negligence, 389a, thus: "An engineer who sees before him on the track a person apparently capable of taking care of himself has a right to presume that such person on due notice will leave the track if there be opportunity to do so; and the engineer will not in such cases be chargeable with negligence if, in consequence of such person not leaving the track, the train cannot be checked in time to avoid the striking. But it is otherwise with persons apparently not capable of taking care of themselves, such as very young children and persons lying helpless on the track." In Beach, Contributory Negligence, 203, the rule is thus summarized: "Nor is the company liable for a failure on the part of its employes to stop the train, on seeing a person walking on the track, even though there was time enough to do so, provided the proper signals of warning were given. The company may presume that the trespasser is in full possession of his senses, and that he will appreciate his danger and act with discretion. But an engineer who sees a helpless person incapable of moving, on the track, is guilty of negligence if he fails to make all prudent efforts to avoid the collision, and this without reference to the causes of the person's dis-

ability." ·The doctrine as thus stated is fully supported by the numerous cases cited in the note to the text, and is in accord with previous decisions of this court. (See *Omaha Horse R. Co. v. Doolittle,* 7 Neb., 481; *Chicago, B. & Q. R. Co. v. Grablin,* 38 Neb., 90; *Union P. R. Co. v. Mertes,* 39 Neb., 448; *Chicago, B. & Q. R. Co. v. Wymore,* 40 Neb., 645.) But for the reason that the giving of the instruction could not have prejudiced the rights of the plaintiff in error the motion for a rehearing is denied.

MOTION OVERRULED.

HARRISON, J. not sitting.