MISSOURI PACIFIC RAILWAY COMPANY V. MAMIE HANSEN.

FILED APRIL 21, 1896.   No. 6466.

Railroad Companies: SPEED OF TRAINS: NEGLIGENCE: PERSONAL INJU-
    RIES. That a passenger train was run at the rate of twenty-five
    miles per hour outside the limits of a city or town, even in a
    thickly settled neighborhood and at a point where some persons
    were accustomed to walk upon the tracks, is not in itself and alone
    sufficient evidence of negligence. In a case where it is sought to
    hold the railroad liable because of such rate of speed, the jury, on
    proper request, should be so instructed.

ERROR from the district court of Douglas county.
Tried below before SCOTT, J.

See opinion for statement of the case.

*R. S. Hall, A. R. Talbot, J. W. Orr,* and *B. P. Waggener,* for plaintiff in error:

Speed alone, uncoupled with any other fact or circumstance, is insufficient to show gross negligence on part of a railroad company. (*Burlington & M. R. R. Co. v. Wendt,* 12 Neb., 78; *Illinois C. R. Co. v. Hetherington,* 83 Ill., 510; *Powell v. Missouri P. R. Co.,* 76 Mo., 80; *Goodwin v. Chicago, R. I. & P. R. Co.,* 75 Mo., 73; *Louisville & N. R. Co. v. Howard,* 82 Ky., 212; *Shackleford v. Louisville & N. R. Co.,* 84 Ky., 43; *Warner v. New York C. R. Co.,* 44 N. Y., 465; *Connyers v. Sioux City & P. R. Co.,* 78 Ia., 410; *Woodruff v. Northern P. R. Co.,* 47 Fed. Rep., 689; *Houston v. Vicksburg, S. & P. R. Co.,* 2 So. Rep. [La.], 562; *Doggett v. Richmond & D. R. Co.,* 81 N. Car., 459; *Young v. Hannibal & St. J. R. Co.,* 79 Mo., 336; *McKonkey v. Chicago, B. & Q. R. Co.,* 40 Ia., 205; *Central O. R. Co. v. Lawrence,* 13 O. St., 66.)

*George W. Cooper, contra:*

The speed of a train at the time and place of an injury should be considered in connection with the rule that more care is to be exercised at a place where the track is habitually used by pedestrians, and in a populous neighborhood, than at points where the track is not so used. (*Thompson v. New York C. & H. R. R. Co.,* 17 N. E. Rep. [N. Y.], 690; *Brown v. Sioux City & P. R. Co.,* 62 N. W. Rep. [Ia.], 737.)

*John W. Johnston* and *Ricketts & Wilson,* also for defendant in error.

IRVINE, C.

Mamie Hansen, an infant, brought this action by her next friend against the Missouri Pacific Railway Company to recover for personal injuries. She had a judg-

ment for $11,000, which the railway company by these proceedings seeks to reverse.

The petition alleges that the plaintiff was, at the date of the injury complained of, twelve years of age; that the defendant was the owner of and operating a line of railroad from Omaha to Kansas City. Then comes the following: "That on the line of defendant's said railroad, and within a thickly settled neighborhood adjoining the corporate limits of the said city of Omaha, immediately northeast of a public crossing on the line of said railway aforesaid, called 'Ruser's crossing,' defendant, without objection, notice, or warning on its part, at said date, and a long time prior thereto, allowed its said railroad track at said point to be habitually and constantly used by men, women, and children going back and forth as a footpath and public thoroughfare, the distance of one-half mile northeast of said Ruser's crossing to a point on the line of said railroad where the same intersects with another public crossing, and said defendant had full knowledge that said track aforesaid was so used; that on said date, and while plaintiff was walking in the center of the track of said railroad, along that portion of the line of defendant's said railroad, used by pedestrians as aforesaid, going northeast from said Ruser's crossing, and at a point some 600 feet from said Ruser's crossing; that at said time, which was about the hour of 5 o'clock P. M. on said date aforesaid, defendant's agents, servants, and employes were running a locomotive and passenger train attached thereto over and upon said railroad at said time and place, which was coming from the southwest; that while plaintiff was so walking upon said track at said time and place, traveling northeast, with her back to said approaching train, she (plaintiff) could have been and was plainly seen and distinguished, as an infant, walking on said railroad track, by the said agents, servants, and employes of defendant, then running and managing said locomotive and train of cars at said time and place, for the distance of one-half mile, within which

distance said locomotive and cars could have been easily
stopped; but said defendant's agents, servants, and em-
ployes, disregarding the life and safety of this (infant)
plaintiff, ran said train, at said time and place, at the un-
lawful rate of speed of twenty-five miles per hour, with-
out attempting to stop said train as the same approached
plaintiff without her knowledge, and while said (child)
plaintiff might have been and was seen by the said
agents, servants, and employes of defendant, as afore-
said, then so negligently and carelessly running said loco-
motive and train of cars, at said time and place, care-
lessly and negligently ran said locomotive and train of
cars over and upon said plaintiff, whereby and by reason
thereof plaintiff's right foot and leg were so badly
crushed and mangled the same had to be and was ampu-
tated just below the knee."

It will be observed that the only negligence alleged is
in running the train at the rate of twenty-five miles per
hour, and in failing to stop it in time to avoid the injury.
It is very doubtful whether the petition pleads sufficient
facts to impose upon the company the duty of stopping
the train.    Ordinarily an engineer has a right to presume
that persons walking along the track are in possession of
their senses and will appreciate the danger and act with
discretion; and he is under no obligation to stop the
train, or even lessen the speed thereof, before discovering
that such person is heedless of warnings given of the
approach of the train, or otherwise in imminent peril.
(*Omaha & R. V. R. Co. v. Cook*, 42 Neb., 905.) A mere fail-
ure to stop a train when a trespasser is seen, or should be
seen, upon the track can therefore create no presumption
of negligence.    There must be other facts to create the
duty of stopping; and it is doubtful whether the facts
that the trespasser is but twelve years old and the place
one where pedestrians are permitted to walk upon the
track, create such duty.    In this case the evidence was
such that some other facts might have been pleaded; but
we need not now determine what is necessary in that

regard, because in the decision of the case the considera-
tion of this feature is only necessary and has only been
entered into for the purpose of indicating that under
such general allegations the specific allegation that the
train was running at an unlawful speed of twenty-five
miles per hour became a salient feature of the pleading.
It has been held that outside the limits of cities and
towns no rate of speed is in itself unlawful or negligent.
(*Burlington & M. R. R. Co. v. Wendt,* 12 Neb., 76; *Chicago,
B. & Q. R. Co. v. Grablin,* 38 Neb., 90.) It does not appear
that this portion of defendant's railroad was within a
city or town. On the other hand, it is alleged that it is in
a thickly settled neighborhood adjoining the city of
Omaha. The evidence is conflicting as to the actual
speed, one witness placing it at twenty-five miles per
hour, others as low as twelve miles per hour. There is
no evidence that the region was unusually thickly set-
tled. There is evidence that a number of persons were
accustomed to walk for a certain distance along the track
—how many and how frequently does not appear. But
there was no highway and no permission by the railway
company to so use its tracks, unless a license might be
inferred from its knowledge that they were so used with-
out any measures being taken to prevent. We do not
think that any jury should be permitted to find that a
railway company was negligent from the mere fact that
it ran its passenger trains twelve or even twenty-five
miles per hour along a suburban route, outside of the
city limits, even though it knew that trespassers might
be on the right of way. Such knowledge would affect its
duty in keeping a lookout and giving warnings, and in
exercising other precautions to avoid injuring trespass-
ers; but such a situation certainly would not require
trains to be run at a less speed than twenty-five miles per
hour.

Under this state of the evidence, the defendant re-
quested the following instruction: "The jury are in-
structed that no rate of speed is of itself negligence,

except where the rate of speed is prescribed or specified by some law or ordinance, and you are further instructed that the defendant company; in the operation of its trains over its tracks outside of any city, or in the absence of any express law to the contrary, has the right to operate its trains at any rate of speed consistent for the safe and proper conduct of its business; and in this case, unless you find the defendant guilty of some negligence alleged in the petition other than the operation of its train at the rate of twenty-five miles per hour, your verdict must be for the defendant." The court refused to give this instruction, and in no place gave the jury any similar caution. We think that the railway company was, under the evidence, entitled to have the jury so directed, and that the refusal to so charge was prejudicial error.

Many other questions are raised, but most of them have been decided in other cases since the trial of this in the district court, and they will therefore not be considered.

REVERSED AND REMANDED.