CENTRAL TRUST CO. OF NEW YORK *v.* WABASH, ST. L. & P. RY. CO.
(Intervening Petition of JUSTUS.)

*Circuit Court, E. D. Missouri, E. D.*   June 22, 1887.

1. EQUITY—FINDINGS OF MASTER—CONFLICTING TESTIMONY.
    Where the findings of a master that a certain train was moving, within the limits of a city, at an unlawful rate of speed, that the train-men were not exercising proper vigilance, and that a mishap to a boy occurred in a certain way, are supported by testimony, the findings will not be interfered with by the court, although the testimony is conflicting.

2. CONTRIBUTORY NEGLIGENCE—BOY.
    A boy six years old, struck by a train, is not chargeable with contributory negligence.

In Equity.
*Rassieur & Tiffany*, for intervenor.
*Geo. S. Grover* and *H. S. Priest*, for defendant.

THAYER, J., (*orally.*)   The intervening petition of Richard Justus, in the case of the Central Trust Company against the Wabash, St. Louis, & Pacific Railway Company, is a claim for personal injuries. The claim is filed in behalf of a boy about six years old, whose foot was crushed in such a way as to necessitate amputation, by a moving freight train on the Wabash Railroad, at the crossing of Gano avenue, in the city of St. Louis, on the third of July last. The intervening petition alleges that the train was moving at an excessive rate of speed; that the bell as it approached the crossing was not sounded; that the train-men (especially the engineer and fireman) failed to keep a vigilant outlook, as the ordinances of the city require. The master has found that the train was

moving at an excessive rate of speed, and that the train-men failed to keep such outlook as the ordinances of the city require at such places. He has accordingly recommended an allowance of the claim in the sum of $4,500. Exceptions are taken to the finding of the master as last stated.

I have read all the testimony in the case taken before the master carefully, and while there is a great conflict in the same, as is usual in such cases, yet there is ample testimony in the record to support the finding that the freight train was moving at an unlawful rate of speed, and that the train-men were not exercising such vigilance as the law requires of them in such cases. If the finding of the master was the finding of a jury, the court could not rightfully set the finding aside, and it will not do so in this case.

The master also found that this boy was struck by the cow-catcher of the engine, or by some portion of the engine, and in that way received the injuries complained of. This finding is also objected to. It is insisted that the boy was standing by the side of the track, and that, after the engine passed him, he attempted to seize hold of some part of the train, and clamber onto the train, and in that way his foot was drawn under the wheel, and was crushed. It is sufficient to say that among all the witnesses who testified in the case there was only one witness who claimed to have been an eye-witness of the accident. That witness testified, in substance, that the boy was standing on or near the crossing, looking down the track at some boys who were moving down the track in the same direction that the train was moving, and that the cow-catcher of the engine, or some part of the engine, struck him, and occasioned the injury. The master, for reasons that were no doubt satisfactory to himself, saw fit to credit the testimony of such eye-witness, and found that the injury was sustained in the manner by her explained. There is nothing in the record that will warrant the court in overruling the finding of the master on that issue. It should stand as the verdict of a jury, and it will be suffered to so stand.

The boy being only six years old, no negligence can be imputed to him. Therefore the issue of contributory negligence is not in the case.

The result is that the finding of the master will be confirmed, and the claim will be allowed as recommended by him.