KESSLER v. THE CITIZENS' STREET RAILROAD COMPANY.

[No. 2,489. Filed June 16, 1898.]

NEW TRIAL.—*Evidence.*—When the evidence is not in the record reasons assigned for a new trial which depend upon the evidence cannot be considered on appeal. *p. 429.*

INSTRUCTIONS.—*When Not in Record.*—The Appellate Court cannot consider an alleged error of the trial court in failing properly to instruct the jury where the instructions given are not in the record. *p. 429.*

SPECIAL VERDICT.—*Objections.*—Where appellant made no objection to a special verdict, took no exception thereto, and moved for a judgment thereon, he will not be heard to object to it as such on appeal. *pp. 429, 430.*

STREET RAILROADS.—*Negligence.*—Plaintiff sued defendant for damages on account of injuries to his buggy and team of horses caused by a collision with a street car. The special verdict showed that plaintiff drove upon the track about thirty or forty feet ahead of an approaching car for the purpose of passing another vehicle; that the motorman on the car had no warning that plaintiff was going to turn upon the track, and did all in his power to stop the car before it struck the buggy. *Held,* that defendant was not guilty of negligence. *430, 431.*

From the Marion Superior Court. *Affirmed.*

*Samuel A. Forkner* and *A. H. Dickey,* for appellant.

*Will H. Latta* and *Ferdinand Winter,* for appellee.

COMSTOCK, J.—Appellant sued, before a justice of the peace, for damages on account of injuries to his buggy and team of horses, occasioned by the negligence of appellee's employes. The complaint alleges that appellee is a corporation, acting and doing business under the laws of the State of Indiana; that on the 24th day of May, 1895, appellant was driving a team of horses with buggy attached thereto, lawfully, without any fault or negligence on his part, along and upon a certain public highway and upon the track of appellant; that the defendant did then and there carelessly and unlawfully run its certain street car over, against and upon said appellant's buggy and horses and injured the same in the sum of $100. The trial before the justice of the peace resulted in a judgment in favor of appellee. An appeal was taken to the Marion Superior Court. The cause was submitted to a jury, and upon request a special verdict was returned, upon which the court rendered judgment in favor of appellee.

The errors assigned on this appeal are: (1) That

the court erred in overruling plaintiff's motion for a new trial; (2) in overruling plaintiff's motion for judgment on the special verdict; (3) in sustaining defendant's motion for judgment on the special verdict, in rendering judgment in favor of defendant, and against plaintiff for costs. We will consider the assignment of errors in the order in which they are specified.

The grounds for a new trial are: (1) The special verdict is contrary to law, and not sustained by sufficient evidence; (2) it is not sustained by the evidence, and is contrary to the law and the evidence; (3) the damages assessed are too small, the evidence showing damage to the amount of $50; (4) error of law occurring on the trial in this,—that the court failed to charge the jury as to the law of the case as provided by statute; (5) error of law occurring in this,—that the court failed to inform the plaintiff or his attorneys that a special verdict had been demanded until after the evidence had been closed; (6) the verdict of the jury, as set out in said questions and answers, is contradictory, indefinite, and so uncertain that no judgment can be rendered thereon."

The evidence is not in the record. The first, second and third grounds for a new trial therefore, cannot be considered. The fourth reason cannot be considered for the reason that the instructions of the court are not in the record. The statutes in force at the time of the trial of this cause, required that the request for a special verdict should be made before the introduction of any evidence, and should be prepared by counsel on either side of such cause and submitted to the court, etc. It does not appear that appellant was not given ample time to prepare a verdict for submission to the court, nor that he did not prepare a verdict, nor that he was in any way prejudiced by the failure of the

court to inform him or his counsel that a special verdict had been demanded.    Nor is the fact complained of presented by affidavit or otherwise.    It'is not therefore properly presented.    Appellant made no objection to the special verdict, took no exception thereto, and moved for judgment thereon, and cannot now be heard to object to it as such.    The sixth reason is not a ground for a new trial, but for a *venire de novo*.

The second and third specifications of the assignment of error may be properly considered together. To warrant a judgment on the special verdict, the findings should show that the defendant company was guilty of negligence which proximately caused the injury to appellant's horses and buggy, and that he was himself free from fault contributing to said injury. To these propositions the following interrogatories and answers, constituting in part the special verdict, are pertinent: "(1)  Q.  Did the buggy of the plaintiff and a street car belonging to the defendant collide on the Michigan road on or about May 15, 1893?   A. Yes (or 24th of May.)   (2)  Q.  Was the plaintiff, immediately before said collision, driving said buggy along the Michigan road at a safe distance from the tracks of defendant?   A.  Yes.   (3)  Q.  Did the plaintiff, immediately before said collision, turn into said tracks of the defendant for the purpose of passing another vehicle?   A.   Yes.   (4)  Q.   At the time the plaintiff so turned upon the tracks of defendant, was the car of defendant about thirty or forty feet behind plaintiff?   A.  Yes.   (5)  Q.  Had the motorman of said defendant any warning that the plaintiff was about to turn upon the tracks, before plaintiff did so turn? A.   No.   (6)   After the plaintiff so turned upon the tracks of defendant, did the motorman of the defendant attempt to stop his car before it should collide with plaintiff's buggy?   A.  Yes.   (7)   Q.   In making

such attempt to stop the car aforesaid, did the defendant's motorman exercise all means in his power to stop the same before it should collide with the said buggy? A. Yes."

Waiving the question as to the care exercised by the appellant, although it appears from the verdict that he drove upon the track from a place of safety, the facts in interrogatories and answers numbered 5, 6 and 7, above set out, fully acquit the defendant of all negligence. The verdict does not show negligence upon the part of appellee, nor facts from which it might be inferred. Judgment affirmed.