## CITY OF JEFFERSONVILLE *v.* McHENRY.

[No. 2,691.   Filed March 7, 1899.]

MUNICIPAL CORPORATIONS.—*Defective Sidewalk.—Subsequent Repairs by Abutting Property Owner.—Evidence.* —In an action against a city for personal injuries sustained by plaintiff by reason of a defective sidewalk, evidence that the defect was repaired by an abutting property owner after plaintiff was injured is admissible.   *pp. 12, 13.*

EVIDENCE.—*Repair of Defective Foundation Wall Adjoining Sidewalk.—Opinion.*—In an action for damages sustained by plaintiff in falling through a hole in a sidewalk and the cellar wall of an abutting property owner, testimony that witnesses knew of the defective condition of the sidewalk and of the cellar wall at the time of the alleged injury; that they had examined the sidewalk and wall just before the trial; and that the condition of the wall showed where and how the work of filling the hole therein had been done, is not inadmissible as a matter of opinion.   *p. 13.*

City of Jeffersonville *v.* McHenry.

NEGLIGENCE.—*Parent's Negligence Not Imputable to Child.*—The negligence of the parent is not imputable to the child in an action by the child for damages on account of an injury caused by defendant's negligence. *pp. 14, 15.*

From the Scott Circuit Court. *Affirmed.*

*Voigt & Stotsenberg* and *T. C. Batchelor,* for appellant.

*J. H. Shea, Mark Stevens, O. B. Harris* and *J. K. Kline,* for appellee.

ROBINSON, J.—Appellant appeals from a judgment in appellee's favor for damages for injuries received on a defective sidewalk. The injury occurred in June, 1874, when appellee was between two and three years old. This suit was brought after appellee reached his majority.

The special verdict shows these facts: In June, 1874, in the brick pavement on the west side of a public improved street of appellant city were two holes or excavations about three feet wide, four feet long, and five or six feet deep, extending from the pavement down through a wall into a cellar; that appellee when between two and three years old while walking along the pavement fell down through one of these holes into the excavation and cellar, and was injured so that he is now totally disabled from performing manual labor; that the hole was permitted by appellant and with its knowledge to remain open, uncovered, and unguarded for at least a year immediately prior to the injury; that within fifteen minutes immediately before the accident appellee was playing on the doorstep at his parents' home, and was in the care of his mother; that during this time his mother went to the doorstep twice, and spoke to him and told him not to go away, and within five minutes before the accident his mother saw him at the doorstep, and spoke to him; that for five to fifteen minutes before the accident the mother was in the middle room of her residence, and could not see appellee, and that she knew there were no persons in the house other than herself and daughter to watch over appellee; that the daughter was working in the kitchen, and

no one was left to watch him; that the mother knew of the dangerous condition of the place where he fell, and knew he was in danger of falling if he wandered to its vicinity, which place was less than 100 feet distant; that after she left him at the front door for five to fifteen minutes before the accident, the mother did nothing to prevent him from going to the place where he was injured. The damages were placed at $3,000.

Appellant's counsel have discussed quite at length the evidence as to where the accident occurred. There is a sharp conflict in the evidence as to whether there were any holes in the pavement, but there is evidence to support the jury's finding that there were, and there is direct evidence that appellee fell down through one of these holes. That this court, in such cases, will not weigh the evidence is too well settled to require the citation of any authorities.

Error of the court in admitting certain evidence was assigned as a cause for a new trial.

Evidence of subsequent repairs is not admissible to show antecedent negligence. *Board, etc.* v. *Pearson*, 129 Ind. 456; *Chicago, etc. R. Co.* v. *Lee, Adm.*, 17 Ind. App. 215, and cases there cited. But evidence of such repairs is sometimes admissible for the purpose of tending to show that the party charged had notice of the defect. *Hopkins* v. *Boyd*, 18 Ind. App. 63, and cases cited. And evidence of subsequent repairs, when restricted by a proper instruction, is proper for the purpose of showing a city's recognition of a defective walk as one which the city was bound to repair. *City of Lafayette* v. *Weaver*, 92 Ind. 477, and cases cited.

But in the case at bar the evidence objected to was not evidence of repairs by the party charged, subsequent to the injury. The hole in question led down through the pavement, and through the foundation wall of a mill on the abutting lot, which was private property. This mill burned in 1873. The accident happened afterwards in 1874. The mill was rebuilt in 1888 by a private individual on the old

site, at which time the hole in the foundation wall was filled with stone and mortar, and the hole in the pavement next to the wall was filled by the same party with clay. The city had nothing to do with this work. The evidence was in no sense an attempt to show that subsequent to the injury the city repaired the place where the injury occurred. There was other evidence that these holes were in the pavement and wall at the time of the injury. The cases cited by appellant are where the defect was repaired, after the accident, by or at the instance of the party of whose negligence complaint was made.

Witnesses testified that they had known the condition of the pavement and mill wall from the time the mill burned up to the time of the trial, that they knew the holes had been in the pavement and the wall, and that a few days before the trial they had examined the wall. They were testifying to facts, and were not giving an opinion, when they described the condition in which they found the wall, and told the jury that the wall showed where and how the work of filling the hole had been done. They testified as a fact that they saw where a hole in the wall had been filled with stone and mortar, and that the work showed that there had been a hole in the wall at that place and that it had been filled. The record discloses that the witnesses were asked only to tell what they saw, and were not asked to express any opinion.

It is argued that the mother of appellee was guilty of contributory negligence which prevents a recovery. Appellee, when injured, was between two and three years old. He was therefore *non sui juris*. He was incapable of taking care of himself. No knowledge or foresight could be expected. He was presumably not capable of contributory negligence, and the issue of such negligence on his part is not in the case. *North Pennsylvania R. Co.* v. *Mahoney*, 57 Pa. St. 187; *Bay Shore R. Co.* v. *Harris*, 67 Ala. 6; *Westbrook* v. *Mobile, etc., R. Co.*, 66 Miss. 560, 6 South.

321; *O'Flaherly* v. *Union R. Co.*, 45 Mo. 70; *Central Trust Co.* v. *Wabash, etc., R. Co.*, 31 Fed. 246; *Chicago, etc., R. Co.* v. *Gregory*, 58 Ill. 226; Beach Cont. Neg. (2nd ed.) section 117; 1 Shear. & Redf. Neg. (5th ed.) section 73a; 2 Thompson Neg. section 1181.

This action is not by a parent for loss of services, but is brought by the injured party in his own right. The question then is, can the negligence of the parent in such case be imputed to him? This question has been much in dispute among text-writers and in the adjudged cases. By far the better reasoning has always been against imputing the negligence of the parent to an infant of tender years where the child brings the action to recover damages for its own injury. The law puts the infant under the care of the parent. The parent has the right to its care and custody. But by what process of reasoning can this right be construed into authority to forfeit the infant's legal right? What warrant is there for saying that the infant's custodian is the infant's agent? What principle of justice imputes to the infant the wrong of him whom the law makes the infant's custodian? True it may be, the infant belongs to the parent or custodian, but it is not true that the infant's rights do. He is not his parents' chattel. His rights are personal to himself. They are his own. He is without power to appoint an agent to forfeit them, and the law appoints none for him. If he has suffered damages his right to them is not different from his right to property which he has inherited. The authority to take from him the right in the one case is not different from that in the other. The wrong was to him in person. The right to redress is personal in him. The wrong for which he seeks redress was not a wrong to the parent. The judgment he recovers is his own property. The law imposed upon him his keeper, and natural justice will not make him answerable for such keeper's wrong.

The doctrine in Indiana was for many years to the effect that in a case like that at bar the negligence of the parent

would be imputed to the infant. *Lafayette, etc., R. Co.* v. *Huffman,* 28 Ind. 287; *Hathaway* v. *Toledo, etc., R. Co.,* 46 Ind. 25. But the doctrine of these cases has been expressly overruled in the recent case of *City of Evansville* v. *Senhenn,* 151 Ind. 42. In that case it is expressly held that the negligence of a parent cannot be imputed to a child who is *non sui juris* so as to defeat its action for its own injury caused by defendant's negligence, and the above cases are overruled. *Newman* v. *Phillipsburg, etc., R. Co.,* 52 N. J. L. 446, 19 Atl. 1102, 8 L. R. A. 842; Wharton, Neg., section 310; *Chicago R. Co.* v. *Wilcox,* 138 Ill. 370, 27 N. E. 899, 21 L. R. A. 76; *Atlanta, etc., R. Co.* v. *Gravitt,* 93 Ga. 369, 20 S. E. 550, 26 L. R. A. 553; *Wymore* v. *Mahaska Co.,* 78 Iowa 396, 43 N. W. 264, 6 L. R. A. 545; *Robinson* v. *Cone,* 22 Vt. 213; *Government St. R. 'Co.* v. *Hanlon,* 53 Ala. 70; *Daley* v. *Norwich, etc., R. Co.,* 26 Conn. 591; *Westerfield* v. *Levis,* 43 La. Ann. 63, 9 South. 52; *Winters* v. *Kansas City, etc., R. Co.,* 99 Mo. 509, 12 S. W. 652, 6 L. R. A. 536; *Huff* v. *Ames,* 16 Neb. 139, 19 N. W. 623; *Bisaillon* v. *Blood,* 64 N. H. 565, 15 Atl. 147; *Street R. Co.* v. *Eadie,* 43 Ohio St. 91, 1 N. E. 519; *Western Union Tel. Co.* v. *Hoffman,* 80 Tex. 420, 15 S. W. 1048; *Norfolk, etc., R. Co.* v. *Groseclose,* 88 Va. 267, 13 S. E. 454; *O'Brien* v. *McGlinchy,* 68 Me. 552; *Whirley* v. *Whiteman,* 38 Tenn. 609.

Other errors assigned are waived because not discussed. Judgment affirmed.