## HENRY, RECEIVER, *v.* EPSTEIN, BY NEXT FRIEND.

[No. 7,950. Filed April 18, 1913.]

1. APPEAL.—*Review.—Motion for Judgment on Answers to Interrogatories.*—In determining the question presented by a motion for judgment on the jury's answers to interrogatories, the court on appeal will consider only the pleadings, the answers to interrogatories and the general verdict. p. 267.

2. APPEAL.—*Review.—Verdict.—Answers to Interrogatories.—Presumptions.*—In determining the question presented on a motion for judgment on the answers to interrogatories, the court on appeal must assume that there was evidence to support every material averment of the complaint, and unless the answers are irreconcilable with the general verdict on any conceivable state of facts provable under the issues, the general verdict will control. p. 268.

3. RAILROADS.—*Injuries to Persons on Tracks.—Negligence.—Contributory Negligence.—Imputing Driver's Negligence to Person Injured While Riding in Vehicle.*—The negligence, if any, of plaintiff's father in driving his wagon, in which she was riding, across defendant's railroad tracks, cannot be attributed to plaintiff. p. 271.

4. RAILROADS.—*Injuries to Persons on Tracks.—Verdict.—Answers to Interrogatories.*—Where plaintiff was injured by the collision

of one of defendant's cars with a wagon in which plaintiff was riding with her father, who was the driver, answers by the jury to interrogatories, to be sufficient to warrant the court in setting aside the verdict for plaintiff, must affirmatively show either that plaintiff's injury did not result from any of the negligent acts of defendant charged in the complaint as being the proximate cause thereof, or that the negligence of plaintiff's father in driving across the track in front of the car was the sole proximate cause of her injury, rather than a concurring cause.  p. 271.

5. RAILROADS.—*Injury to Persons on Tracks.—Verdict.—Answers to Interrogatories.*—In an action for injuries to plaintiff by the collision of defendant's car with a wagon in which plaintiff was riding with her father, who was the driver, a verdict for plaintiff is not affected by answers to interrogatories that could only affect the question of negligence of plaintiff's father in driving onto the track.  p. 271.

6. RAILROADS.—*Interurban.—Injury to Persons on Tracks.—Verdict.—Answers to Interrogatories.*—Where, under the averments of the complaint, in an action for injuries sustained through the collision of an interurban car with a wagon in which plaintiff was riding with her father, who was driving, plaintiff was entitled to prove excessive speed of the car before the collision, and other facts from which the jury could infer that the motorman did not have the car under proper control when plaintiff's father first drove upon the track, so that the motorman's later efforts could not prevent the collision that followed, answers to interrogatories showing that at the time of the collision the speed of the car was not excessive, and that as soon as plaintiff's father started across the track the motorman sounded the gong and whistle and thereafter did everything in his power to prevent collision, will not control a verdict for plaintiff.  p. 272.

7. RAILROADS.—*Interurban.—Injuries to Persons on Tracks.—Proximate Cause.—Answers to Interrogatories.*—Where plaintiff was injured by an interurban car while proceeding along the highway in a wagon with her father, answers by the jury to interrogatories showing that plaintiff's father was driving along the south side of the road, and that while so driving, a few minutes prior to the accident, plaintiff and her father saw a car about 1400 feet ahead of them approaching on the south track, and that plaintiff's father then immediately turned his horses across the north track, on which the car that collided was approaching, the court cannot say as a matter of law that the act of plaintiff's father in suddenly turning the wagon onto the north track was the sole proximate cause of plaintiff's injury.  p. 273.

8. NEGLIGENCE.—*Proximate Cause.—Jury Question.*—The question of proximate cause, whether it relates to the negligence of plain-

tiff or to that of defendant, is primarily a question of fact for the jury.  p. 275.

9.  APPEAL.—*Review.—Answers to Interrogatories.—Decision in Companion Case.—Effect.*—Where, under the averments of the complaint in an action for injuries sustained in a collision with an interurban car, the same facts and acts of negligence may have been proved that were proved in another action growing out of the same collision, and which has been decided on appeal, and the jury's answers to interrogatories in the present case are not inconsistent with the facts of the former case, such former case will in a measure be controlling in the one before the court.  p. 275.

From Superior Court of Marion County (79,277) ; *Clarence E. Weir,* Judge.

Action by Libbie Epstein, by her next friend, Ida Epstein, against Charles L. Henry, receiver of the Indianapolis and Cincinnati Traction Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Elam & Fesler* and *Claude Cambern,* for appellant.

*Alvah J. Rucker, James E. Rocap* and *Oliver A. Hackney,* for appellee.

HOTTEL, J.—This is an action by appellee against appellant to recover damages for injuries alleged to have been sustained in a collision by one of appellant's cars with a wagon in which appellee was riding.  The complaint is in one paragraph.  The only answer was a general denial. There was a trial by jury, resulting in a verdict in favor of appellee for $200, with which verdict the jury returned answers to interrogatories.  Appellant moved for judgment on said answers which motion was overruled and exceptions saved.  This ruling is the only error assigned and relied on for reversal.

In determining the question presented by this motion this court will consider only the pleadings, the answers to interrogatories and the general verdict.  *Indianapolis*

1.  *Southern R. Co.* v. *Emmerson* (1913), 52 Ind. App. 403, 98 N. E. 895, 899 and authorities there cited.

"Every presumption is indulged in favor of the gen-
2.   eral verdict and it is only where a conflict between
such answers and the general verdict is irreconcilable
on any supposable state of facts provable under the issues,
that such answers will control." *Indianapolis Southern
R. Co.* v. *Emmerson, supra,* and authorities there cited; see,
also, *Wabash R. Co.* v. *Keister* (1904), 163 Ind. 609, 67
N. E. 521. In determining the question here presented, un-
der the authorities just cited, we must assume that every
material averment of the complaint had some evidence to
support it. A condensed recital of these averments, neces-
sary to render intelligent the questions discussed, follows:
Appellee, at the time of her injury, was eleven years old
and was with her father being conveyed in a one-horse
covered huckster wagon fifteen feet long and six feet wide
over and upon Prospect Street, a public thoroughfare run-
ning in an easterly and westerly direction in the city of
Indianapolis and much used and frequented by the citizens
of such city; that at said time appellant's traction com-
pany and Henry, as receiver thereof, maintained in said
street two interurban railway tracks running parallel with
each other east and west and about five feet apart, the rails
of such tracks extending above the street some six inches;
that over these tracks said Henry as receiver was then oper-
ating one of its interurban cars outbound east over the
south track in said street, and another interurban car, in-
bound, west over the north track of said street, each of said
cars projecting some two feet over either side of said track;
that the appellee was injured by a collision with appellant's
westbound car running north at a point in said street where
the two car tracks converge and pass under the Prospect
Street viaduct of the belt railroad; that upon either side
of said street and tracks at the point where appellee was
injured and for a distance of 150 feet in either direction,
east or west, there was a perpendicular wall some fifteen
feet high; that at and near the point where appellee was

injured the street was so narrow that this wall was only three feet from the near rail of appellant's track on either side of said street; that great noise was made by trains passing over the viaduct of said belt railroad; that "shortly" before appellee's injury her father, who was in charge of said horse and wagon and wholly responsible for its management and control, was driving west in front of one of appellant's westbound cars within or partly within the track over which such car was being operated; that appellee and her father were at all times riding with their backs toward said approaching car and were unconscious and ignorant of its approach; that at the time of said collision "and for a period of five minutes more or less prior thereto the appellant was operating said car at 'the negligent rate of speed of thirty-five miles more or less per hour'; that by reason of the elevation of said rails of said track six inches above the street, they were unable to turn toward the south; that for a distance of 300 feet more or less from the place of said collision said wagon was being driven partly in said north track; that when they were '150 feet more or less' from the place of collision they saw an interurban car coming east on the south track; that the father then turned the horse on the north track, and that appellant negligently struck with its car the wagon," etc.

It is also averred that the appellant saw and knew or negligently failed and omitted to see and know all of the conditions and situation of road, tracks and cars thereon above described and appellee's situation and surroundings including the character of her wagon and the fact that the wagon in which she was riding was in or partly within the north track over which said car was approaching, and the respective distances of the walls, rails and tracks from and in relation to each other, "and the dangers imposed on plaintiff by the conjunction of all of such conditions and by each of them separately"; that appellants having such knowledge negligently omitted to check or stop said car,

and negligently failed to sound the gong on said car; that appellee's injuries were the proximate result of each and all of said acts of negligence. The facts found by the jury are, in narrative form, as follows: Appellee was hurt in a collision, January 3, 1908, between appellant's car and a wagon driven by appellee's father, near the Prospect Street viaduct of the belt railroad. The traction company has two lines of track running east and west in the roadway where the collision occurred. The north track of said railway is known as the inbound, and the south track as the out-bound line. Appellee was riding in a huckster wagon, with the top, sides and back of the wagon covered. Appellee was sitting on a seat with her father in the front part of the wagon. The father was driving west from his home in Norwood into the city of Indianapolis along an extension of Prospect Street, between Norwood and said city, and had so driven for several squares prior to the accident along the left or south side of the roadway for several hundred feet immediately prior to the accident. The collision occurred near the bottom of an incline or hill in the road, and it was about 600 feet from the bottom to the top of said hill. The hill was 21 feet high. Appellee and her father saw a car about 1400 feet in front of them coming out of the city on the south track a few minutes prior to the accident. The father was at this time driving along the south side of said roadway, and upon seeing said car, some 1400 feet distant, immediately turned his horse to the north and across the inbound or north track in said road. The wagon in which appellee was riding was struck by a car coming from the east on the north track, while the horse was being driven across said north track. The collision occurred about the foot of the hill. The car was within 50 to 100 feet of said wagon when it was turned across the north track. The motorman rang his gong and blew his whistle as soon as appellee's father started to drive across the north track. The motorman reversed his power and ap-

plied his emergency brake when said wagon started across to the north side of the street. At the time of the collision the speed of said car was 10 miles per hour, and the car stopped within 15 to 20 feet after the collision. The wagon was struck by the car immediately after it got on the north track. An outbound car came up to the place of the accident on the south track from the west 3 to 5 minutes after the accident. There was no car at the place of the accident except the car in the collision.

It is well settled that the negligence of appellee's father, if any, in driving his horse and wagon across appellant's tracks, cannot be attributed to appellee. *City of Jeffersonville* v. *McHenry* (1899), 22 Ind. App. 10, 14, 53 N. E. 183; *City of Evansville* v. *Senhenn* (1898), 151 Ind. 42, 47 N. E. 634, 51 N. E. 88, 41 L. R. A. 728, 68 Am. St. 218; *Wabash R. Co.* v. *McNown* (1913), *ante* 116, 99 N. E. 126, 100 N. E. 383, and authorities there cited. It follows from these holdings that before we will be authorized to order judgment on the answers to interrogatories, we must be convinced that the answers thereto affirmatively show either that appellee's injury did not result from any of the negligent acts of appellant charged in the complaint as being the proximate cause thereof, or we must find what is in effect the same thing viz., that the negligence of appellee's father in driving across the track in front of the appellant's car which collided with his wagon, was the sole proximate cause of appellee's injury rather than a concurring or contributory cause.

Appellant urges (1) that the complaint alleges that appellee's father, as an excuse for turning his horse over on to the north track, saw a car coming towards them on the south track only 150 feet away, and that the jury in its answers found that this car was 1,400 feet away and did not come up to the scene of the accident until from 3 to 5 minutes after it occurred. This averment and the answers of the jury with reference thereto, could

only affect the question of negligence of appellee's father and might be important for the purpose of determining whether the father was guilty of contributory negligence, if the suit were by him, but inasmuch as appellee cannot be charged with her father's negligence, the general verdict will not be affected by this answer.

It is further insisted: (1) That the complaint charges that the car which struck appellee's wagon was running 35 miles an hour and that the jury finds that it was running only ten miles an hour and stopped within fifteen of twenty feet after striking the wagon. (2) That the complaint charges that no warning was given of the approach of the car, and that the jury finds that the motorman blew his whistle and rang his gong as soon as appellee's father started to drive across the north track. (3) That the complaint charges that "for 300 feet before the accident happened the appellee's wagon was being driven with one wheel on the north track * * *, and that the motorman could see appellee's peril for 300 feet, but the jury finds that the wagon was being driven for several hundred feet immediately prior to the accident along the south side of the street, and that the car was within 50 to 100 feet of the plaintiff's wagon when it was turned across the north track and that the wagon was struck immediately after it got on the north track." (4) "That the complaint charges that the motorman negligently failed to stop his car after he saw appellee's peril, but the jury finds that the motorman reversed his power and applied his emergency brake when said wagon started across to the north side of said street."

These answers find the speed of the car *at the time of the collision* and that the motorman rang his gong and blew

6. his whistle *as soon as appellee's father started to drive across the track,* and *thereafter* did everything in his power to prevent the collision; but there are no answers that show the speed of the car *before* the collision, and from the time the car first came in view of appel-

lee's wagon to the time of the collision, and none that show any sounding of the gong or blowing of the whistle or any effort on the part of the motorman to warn appellee and her father of the approach of said car *before* the father turned his horse across the north track. Under the averments of the complaint, appellee was entitled to prove, and for the purposes of the question under consideration we must assume that she did prove excessive speed of the car before the collision, and other facts from which the jury had a right to infer that the motorman did not have his car under proper control when appellee's father first turned his horse across the north track, and that the speed of such car and the negligent failure of the motorman to have his car under such control as ordinary prudence would suggest, in view of the situation and surroundings there existing, made it impossible for his later efforts and diligence to prevent the collision that followed. The facts provable under the averments of this complaint render ineffective, for the purpose of overthrowing the general verdict, answers to interrogatories which show only an absence of negligence on the part of appellant's motorman *after the appellee's peril became certain,* and make the case easily distinguishable, in this respect, from the cases of *Wabash R. Co.* v. *Keister, supra;* and *Cleveland, etc., R. Co.* v. *Moore* (1909), 45 Ind. App. 58, 90 N. E. 93, quoted from and relied on by appellant.

It is further claimed by appellant, in effect, that the 7. answers to interrogatories show that the wagon in which appellee was riding was suddenly driven by her father from a place of safety at the side of the track onto the track in front of the car, and that this was the independent proximate cause of appellee's injury; that the appellant's motorman was not required to anticipate that the driver of such wagon would suddenly turn it in front of such car. To support this contention appellant relies on the following cases: *Indianapolis St. R. Co.* v. *Schmidt*

(1905), 35 Ind. App. 202, 71 N. E. 663, 72 N. E. 478; *Columbus St. R., etc., Co.* v. *Reap* (1907), 40 Ind. App. 689, 82 N. E. 977; *Kessler* v. *Citizens St. R. Co.* (1898), 20 Ind. App. 427, 50 N. E. 891; *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490, 77 N. E. 945; *Missouri Pacific R. Co.* v. *Hansen* (1896), 48 Neb. 232. Appellant assumes more than the answers of the jury justify. It assumes that the wagon was *suddenly* turned *from a place of safety on the side* of the track in front of the car. The answers of the jury as above indicated show that the father was driving along the *south side of said roadway*. The wagon may have been at the *south side* of such *roadway* and, under the averments of the complaint, may have had one wheel on the south side of said track or so near thereto as not to be out of danger from said car, and near enough to said track to suggest to such motorman the necessity of putting his car under control. The answers further show that while so driving along the south side of said track the appellee and her father *a few minutes prior to the accident* saw a car about 1400 feet ahead of them coming out of the city on the south track, and that he then *immediately turned his horse across the north track*. According to this answer the assumption of a *sudden turning* of the wagon on the track is not justified. It could not have been very sudden if the wagon was struck "immediately" after it got on the track and *the horse was turned to the north* and across the track "immediately" after the appellee and her father saw the car coming on the south track, "*a few minutes prior to the accident.*" Another answer shows that the car was *50 to 100 feet away* when the *wagon* was turned across the north track. These answers will not justify the court in declaring as a matter of law that the sudden turning of said wagon onto said track by the father was the sole proximate cause of appellee's injury.

In the case of *Indianapolis St. R. Co.* v. *Schmidt, supra,* relied on by appellant, this court said (pp. 207-209) : "The

question of proximate cause is the same whether it relates to the negligence of the plaintiff or defendant, and in either case it is primarily a question of fact for the jury. * * * Had the approaching street car been in such proximity as that the act of appellee in turning across the track amounted to a casting of himself in front of it, then such negligent act would be the clear proximate cause of the injury, and bar him from recovery." See, also, *Chicago, etc., R. Co.* v. *Martin* (1903), 31 Ind. App. 308, 65 N. E. 591; *Moran* v. *Leslie* (1904), 33 Ind. App. 80, 70 N. E. 162; *Citizens St. R. Co.* v. *Helvie* (1899), 22 Ind. App. 515, 53 N. E. 191; *Kessler* v. *Citizens St. R. Co., supra.*

Under the averments of the complaint in this case the same facts and acts of negligence may have been proven, and we therefore assume they were proven, which were proven in the case of *Henry* v. *Epstein* (1912), 50 Ind. App. 660, 95 N. E. 276. The answers of the jury to the interrogatories are not necessarily inconsistent with such facts, and hence that case is in a measure controlling in this.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 647. See, also, under (1) 38 Cyc. 1930; (2) 38 Cyc. 1928, 1929; (3) 33 Cyc. 984, 1015; 29 Cyc. 548; (4) 33 Cyc. 1142; (5) 33 Cyc. 1142; 38 Cyc. 1928; (6) 33 Cyc. 1142; 38 Cyc. 1927; (7) 33 Cyc. 830; 29 Cyc. 641; (8) 29 Cyc. 639; (9) 11 Cyc. 746. As to imputed negligence in the case of one riding in vehicle driven by another, see 110 Am. St. 280.