# MEYERS v. WINONA INTERURBAN RAILWAY COMPANY.

[No. 8,391. Filed October 13, 1914. Rehearing denied March 3, 1915. Transfer denied April 15, 1915.]

1. APPEAL.—Verdict.—Answers to Interrogatories.—Scope of Review.—In determining on appeal whether there was error in overruling a motion for judgment on the general verdict and in sustaining a motion for judgment on the jury's answers to interrogatories, only the pleadings, the interrogatories and answers, and the general verdict, are to be considered. p. 518.

2. RAILROADS. — Interurban.— Crossing Accidents.— Complaint.— Last Clear Chance.—A complaint for injuries by being struck by an interurban car at a street crossing, alleging that when plaintiff saw the car approaching it was so near that he could not stop his automobile, that the motorman in charge of the car could and did see plaintiff's danger and saw him try to avoid collision, and saw and knew that a collision would occur if he did not stop the car, but that he made no effort to stop the car and negligently ran the car on and over the crossing and against plaintiff, although by the exercise of ordinary care he could have stopped it, etc., invokes the doctrine of last clear chance and is sufficient on that theory. p. 518.

3. RAILROADS.—Interurban.—Crossing Accidents.—Trial.—Verdict. —Answers to Interrogatories.—In an action for injuries sustained in collision with an interurban car at a street crossing, where under one paragraph of complaint, the general verdict amounted

to a finding that notwithstanding plaintiff's negligence in approaching the crossing, there came a time when his negligence ceased and he did all that he could to avoid injury, and that defendant's motorman saw his danger and that unless he stopped the car a collision would result, and that he could have applied the brakes and prevented a collision, answers by the jury to interrogatories were not in conflict with the general verdict where it appeared therefrom that the motorman could have stopped his car and avoided the collision, but that he did not apply the brakes or make any effort to stop it, notwithstanding other answers showing that plaintiff was negligent in approaching the crossing and tending to show that the motorman may not have had sufficient time in which to stop the car. pp. 520, 523.

4. TRIAL. — *Verdict.* — *Answers to Interrogatories.* — *Inconsistent Answers.*—Answers to interrogatories by the jury furnish no ground for judgment thereon as against the general verdict, where they are contradictory or inconsistent with each other. p. 523.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by Edward A. Meyers against the Winona Interurban Railway Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Cox & Andrews* and *Mountz & Brinkerhoff,* for appellant. *Frazer & Frazer,* for appellee.

HOTTEL, J.—Appellant sued appellee to recover damages for personal injuries to himself and for the destruction of his automobile caused by a collision between such automobile and one of appellee's cars at a public crossing in the city of Peru, Indiana. The issues of fact were presented by a complaint in four paragraphs and an answer in general denial. The third paragraph of complaint was withdrawn and a trial by jury on the remaining paragraphs resulted in a general verdict in favor of appellant for $860. With the general verdict, the jury returned answers to interrogatories submitted to it. Over appellant's motion for judgment on the general verdict, a motion for judgment in favor of appellee on the answers to interrogatories notwithstanding such verdict was sustained, and judgment rendered accordingly. The rulings on the motion present the only question

to be determined by this appeal. . The only things to be considered in determining such question are the complaint, the answers thereto, the interrogatories and answers, and the general verdict. *American Car, etc., Co.* v. *Adams* (1912), 178 Ind. 607, 614, 99 N. E. 993; *Ittenbach* v. *Thomas* (1911), 48 Ind. App. 420, 426, 96 N. E. 21; *Jeffersonville Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 102 N. E. 21.

It is shown by the answers to interrogatories and not disputed by either of the parties that at the time the collision in question occurred, the appellee was operating an electric railway from Peru, Indiana, to Chili, Indiana, and that the collision occurred at the intersection of Jackson Avenue and Chili Avenue in the city of Peru. Jackson Avenue runs in a general direction, east and west, and Chili Avenue runs north and south, across Jackson Avenue. Appellee's railway tracks are laid on Jackson Avenue. One of appellee's cars, in charge of its employes, approached Chili Avenue from the west, while appellant in his automobile approached Jackson Avenue from the north. There was an ordinance of the city of ·Peru in force at that time, limiting the speed of electric and interurban cars within the city limits to six miles per hour. The first and second paragraphs of complaint are based on this ordinance and charge that the collision was caused by appellee negligently running its car in excess of the speed limit therein provided, and we are of the opinion that the answers to interrogatories are inconsistent with a verdict based on either of these paragraphs.

It is, however, earnestly insisted by appellant, that the averments of his fourth paragraph of complaint require the application of the last clear chance doctrine and that, under such paragraph, proof might have been offered which would show that there was no irreconcilable conflict between the general verdict and the answers to the interrogatories. This paragraph contains, among others, in substance, the following averments: While appellant was

in the act of crossing the street and tracks, and while he was exercising due care and caution in so doing, the defendant, wrongfully, carelessly and negligently ran one of its interurban electric cars along its railway on Jackson Avenue, and toward and upon the crossing of Chili Avenue at its usual high rate of speed, and without the application of any brakes to the car as it approached the crossing, and without the car and the brakes thereof being under control of the employe in charge thereof. Plaintiff's view, while he was approaching said crossing, was obscured by a cement block building and large billboard. When he arrived at a point where he could see westerly along the defendant's tracks on Jackson Avenue, he saw defendant's car about seventy-five feet from the crossing, approaching and so near that appellant was unable to stop his automobile. To prevent, if possible, a collision, he turned his car by a sharp turn to the left. An electric car approaching the crossing from the west, running eight miles per hour, could be stopped within a distance of fifty feet. The motorman in charge of and running the electric interurban car, at the time, by exercising ordinary care, could see, and he did see, appellant turn his automobile, and saw appellant try to avoid a collision. The motorman saw appellant's danger, as aforesaid, and saw and knew that a collision would occur if he did not stop the car, but he made no effort to apply the brake or use any appliance for the stopping of the car and carelessly and negligently ran the car on and over the crossing and against and upon the automobile, while appellant was, as aforesaid, trying to prevent such collision. Said motorman saw appellant on the crossing, and saw him trying to avert a collision, and by the exercise of ordinary care after so seeing appellant, could have stopped the car, but made no effort to stop such car. By reason of the failure of defendant's motorman to stop his car, there was a collision between such car and appellant's automobile. This paragraph clearly invokes the doctrine of last clear chance

and is entirely sufficient on this theory. *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. 566, 96 N. E. 973, 98 N. E. 1091; *Wabash R. Co.* v. *Tippecanoe, etc., Trust Co.* (1912), 178 Ind. 113, 121, 98 N. E. 64; *Terre Haute, etc., Traction Co.* v. *Green* (1912), 49 Ind. App. 309, 97 N. E. 243; *Evansville, etc., Traction Co.* v. *Johnson* (1913), 54 Ind. App. 601, 97 N. E. 176; *Schilling* v. *Indianapolis, etc., Traction Co.* (1912), 51 Ind. App. 131, 96 N. E. 167, 97 N. E. 124; *Evansville, etc., Traction Co.* v. *Spiegel* (1912), 49 Ind. App. 412, 94 N. E. 718, 97 N. E. 949.

In addition to the undisputed facts before set out, the answers to interrogatories show in brief that on July 20, 1909, when the collision occurred, appellee's tracks

3.  crossed Chili Avenue at grade; that such avenue was one of the main thoroughfares leading into the city; that one of appellee's cars in charge of its employe collided with appellant's automobile at the intersection of Chili and Jackson avenues in said city; that the car was equipped with air brakes with the control lever near the right hand of the motorman as he stood at his post of duty; that a movement by the motorman of such lever with his hand a distance of three or four inches would have applied the full force of such brakes; that appellant's automobile weighed about 3,000 pounds; that appellee's car was a light car of that class commonly called city cars; that, after striking said automobile, said electric car continued to run eastward, pushing the automobile before it for a distance of 120 feet; that the car was going eastward at the time of the collision; that the motorman sounded a gong on said car as it approached Chili Avenue; that the car was running from six to eight miles per hour when it reached Chili Avenue; that on Benton Street, a square west of such avenue, the motorman shut off the power and applied the brakes; that he did not again turn on the power, but released the air brakes after leaving Benton Street; that the car drifted without the aid of power from Benton Street to Chili Avenue; that the

automobile was traveling from six to eight miles per hour when it approached Jackson Avenue; that appellant endeavored to stop his automobile when he saw the car approaching on such avenue; that he did not stop; that appellant did not sound any warning and did not stop his automobile before he reached Jackson Avenue; that he had not so reduced the speed of his automobile while approaching such avenue that he could have stopped after seeing the approaching car and before colliding with the car, but approached the avenue at such a rate of speed that he could not stop before colliding with the car; that the car arrived at the intersection of the avenues "a shade behind the automobile"; that appellant, about the time he approached Jackson Avenue and when forty feet away from the avenue, saw the car; that when he saw the car on Chili Avenue, he turned his automobile to the east and endeavored to avoid a collision; that the motorman first saw the automobile when it was about forty feet from the railroad track, and could have stopped his car and avoided the collision after he first saw the automobile approaching the railroad track; that appellant was exceedingly deaf on the day of the accident; that he did not stop, look or listen for an approaching car when he was approaching the railroad track; that appellant was familiar with the streets and highways, and with the railroad and the surroundings where the collision took place; that the car and appellant's automobile collided on Jackson Avenue, east of the center of Chili Avenue; that the motorman saw appellant's automobile before the car arrived at Chili Avenue; that the front end of the car was about forty-five feet west of the center of Chili Avenue when the motorman first saw appellant's automobile; that when he saw appellant's automobile approaching Jackson Avenue, he did not apply the brakes; that the motorman did not willingly run the car into the automobile; that almost instantly after appellant first saw the trolley car, the collision occurred; that the east half of Chili Avenue was within the corporate limits

of the city of Peru and the west half thereof without said limits on the day in question; that there was a clear space on the west side of Chili Avenue and north of the tracks of twenty-two feet six inches for a distance of three blocks, at the time; that Chili Avenue was forty-seven feet wide and Jackson Avenue fifty feet wide at the point of their intersection.

Under the averments of the fourth paragraph of the complaint, above quoted, appellant could have proven, and, for the purposes of the question here presented, the general verdict is a finding by the jury that he did prove facts showing that, notwithstanding his own negligence in approaching the crossing, there came a time when his negligence ceased, and when he did all in his power to avert the collision which caused the injury complained of; that appellee's motorman saw him approaching the crossing, saw the speed at which he was approaching, saw his situation of peril, saw that unless he (the motorman) stopped his car that a collision with appellant's automobile was inevitable; that the lever by which the brakes of the car were operated was in easy reach of the motorman and that the brakes were in working order; that the motorman after seeing and knowing appellant's situation of peril could have applied such brakes and prevented the collision; that he did not do so and that his failure to do so was the proximate cause of the collision and the resulting injury to appellant and his machine.

Is there irreconcilable conflict between such a finding and the answers to interrogatories above indicated? If, so, the court properly sustained the motion for judgment on the answers to interrogatories, otherwise such motion should have been overruled. *Ittenbach* v. *Thomas, supra; Henry* v. *Epstein* (1913), 53 Ind. App. 265, 101 N. E. 647; *Goldsmith* v. *First Nat. Bank* (1912), 50 Ind. App. 11, 17, 96 N. E. 503; *Peru Heating Co.* v. *Lenhart* (1911), 48 Ind. App. 319, 336, 95 N. E. 680; *Winona, etc., R. Co.* v. *Rousseau* (1911), 48 Ind. App. 248, 261, 93 N. E. 34, 1028. It may

be admitted that said answers show that appellant was negligent in approaching the crossing, but in our judgment they do not contradict the finding of the general verdict, that the appellee's motorman saw and knew appellant's situation of peril in time to have applied the brakes and stopped his car and thus prevented the injury complained of. True, some of the facts found would indicate that the time intervening between the collision and the time when the motorman first saw appellant's automobile approaching, was so short that the motorman might not have been able to apply his brakes in time to stop the car before the collision, but, conceding that such an inference is warranted by some of the findings, it would at best be in direct conflict with the explicit answers to other interrogatories, to the effect that the motorman could have stopped his car and avoided the collision after he first saw the automobile approaching the track, and that he did not apply his brakes when he saw the automobile approaching Jackson Avenue, although the brake lever was right at his hand and a movement thereof three or four inches would have applied the full force of such brakes. Interrogatories which are

4. themselves contradictory or inconsistent destroy each other and furnish no ground for a judgment thereon, as against a general verdict. *Cleveland, etc., R. Co.* v. *Federle* (1912), 50 Ind. App. 147, 152, 98 N. E. 123; *Baltimore, etc., R. Co.* v. *Keiser* (1912), 51 Ind. App. 58, 70, 94 N. E. 330; *American Surety Co.* v. *State, ex rel.* (1912), 50 Ind. App. 475, 484, 98 N. E. 829.

There is no answer to any interrogatory which expressly finds that the motorman saw and appreciated appellant's peril, or that after seeing his perilous situation he

3. could have stopped his car and avoided the collision. The general verdict, however, finds such fact and, in our judgment, the answers to the interrogatories tend to support rather than overthrow such finding. We think the court erred in sustaining the motion for judgment on the

answers to interrogatories, but they are such as to lead us to believe that the ends of justice will be best served by our directing a new trial rather than a judgment on the general verdict. The judgment below is therefore reversed with instructions to the trial court to grant a new trial.

NOTE.—Reported in 106 N. E. 377. As to when contributory negligence does not bar recovery, see 30 Am. Rep. 190; 38 Am. Rep. 637. Concurrent negligence of plaintiff as defeating recovery under last clear chance doctrine, see Ann. Cas. 1912 B 888. As to whether wantonness or wilfulness, precluding defense of contributory negligence, may be predicated on the omission of a duty before the discovery of a person in peril on a railroad or street railway track, see 21 L. R. A. (N. S.) 427. See, also, under (1) 38 Cyc. 1927; (2) 36 Cyc. 1573, 1571; (3) 36 Cyc. 1646; 38 Cyc. 1927; (4) 38 Cyc. 1926.