# The J. F. Darmody Company *v.* Reed.

[No. 8,940. Filed February 2, 1916.]

1. Negligence.—*Collision on Streets.—Action.—Evidence.—Sufficiency.*—In an action for damages for injuries received by an infant six years old who was run down by defendant's motor car while he was on that portion of the sidewalk composing a private driveway, evidence showing that the driver saw the child in company with its uncle approaching the driveway, and disclosing the method in which the motor car approached, and that neither the child nor its uncle saw the motor car until it struck them, was sufficient to warrant the submission of the question of negligence to the jury, and its verdict for plaintiff can not be disturbed on appeal. pp. 665, 666.

2. Appeal.—*Review.—Evidence.—Weight.*—The court on appeal will not weigh the evidence for the purpose of determining upon which side of a case the greater weight lies. p. 666.

3. Negligence. — *Infants.* — *Contributory Negligence.* — *Review.*—Where the injured person was an infant who had not reached the age of accountability, the court on appeal will not consider the question of whether the child was guilty of contributory negligence, since such a child is *non sui juris.* p. 666.

4. Negligence.—*Automobiles.—Duty of Driver.*—One driving a motor car from the street onto a private driveway across a sidewalk is charged with the duty to use the precautions which the circumstances require to inform persons on the sidewalk of his approach. p. 666.

5. Damages.—*Personal Injuries.—Excessive Damages.*—A verdict for $600 for injuries to a six-year-old boy who was struck by an automobile was not excessive in view of evidence showing that the collision rendered him unconscious and resulted in a severe shock to his nervous system and caused his eyes to become crossed. p. 667.

6. Appeal.—*Review.—Refusal of Instructions.*—Where the court gave an instruction in lieu of and which fully covered a requested instruction upon the subject of plaintiff's burden to prove the ma-

terial allegations of the complaint by a preponderance of the evidence, there was no error, although the instruction given had coupled with it a definition of preponderance of evidence, and a statement as to where the burden lies. p. 668.

7. NEGLIGENCE.—*Action.—Instructions.—"Non Sui Juris".*—An instruction in an action for personal injuries to a child six years of age, giving the essential definition of *"non sui juris"* in which accountability and appreciation of danger were clearly defined, was not defective for failure to use the technical words *"non sui juris".* p. 668.

8. APPEAL.—*Review.—Refusal of Instructions.*—The refusal of requested instructions was not error where they were fully covered by instructions given. p. 668.

9. NEGLIGENCE.—*Imputed Negligence.—Contributory Negligence.*— Where an infant six years of age was walking on the sidewalk accompanied by his uncle, negligence of the latter could not be imputed to the infant so as to render him guilty of contributory negligence. p. 669.

10. NEGLIGENCE.—*Collision on Street.—Injury to Infant.—Trial.— Argument.*—Where an infant *non sui juris*, when struck by a motor car, was proceeding over a private driveway across a sidewalk, accompanied by his uncle, and the court fully instructed the jury as to the degree of care required of defendant under such circumstances, the contention that since the child was so accompanied the same degree of care was not required of defendant as would have been required if he were not so accompanied was a matter for argument to the jury rather than for an instruction by the court. p. 669.

11. EVIDENCE.—*Hearsay.—Admissibility.*—The voluntary statement of a physician who examined an injured person, made while the latter was unconscious, is inadmissible as being purely hearsay. p. 670.

From Superior Court of Marion County (90,-347); *Clarence E. Weir*, Judge.

Action by Freddie Reed, by his next friend James F. Calvin, against The J. F. Darmody Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*James Bingham*, for appellant.

*Alvah J. Rucker* and *James E. Rocap*, for appellee.

SHEA, J.—This was an action to recover damages for personal injuries sustained by appellee by reason of appellant's alleged negligence in running

one of its automobiles against him. The allegations of the complaint show in substance that appellant is a corporation engaged in operating delivery automobiles in the city of Indianapolis, Indiana, in connection with its confectionery business; that on March 20, 1913, appellee was *non sui juris*, and is now an infant about six years old, bringing this action by his next friend, James F. Calvin; that on said date appellee, in company with said Calvin, was walking on West Michigan Street in the city of Indianapolis, upon a public sidewalk, and across a driveway leading into a grocery store, which was a part of the sidewalk, that at said time and place appellant, by its agents and servants, negligently propelled one of its automobiles upon and against appellee, whereby he was thrown to the ground and seriously injured. Appellant answered the complaint in general denial. There was a trial by jury, and verdict and judgment in favor of appellee for $600. The only error relied on for a reversal is the overruling of appellant's motion for a new trial, in support of which it is assigned and argued that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law.

The evidence discloses that appellee was six years old and lived with his uncle, James F. Calvin, who was with him at the time of the accident, at 2611 West Michigan Street; that Calvin had taken the boy to a barber shop, a distance of about seventy feet from his house, on the same side of the street, and was returning home; that the accident occurred about ten o'clock in the morning, and about fifty feet from appellee's home; that there is a private driveway between the house and barber shop running north and south, which crossed the sidewalk of Michigan Street on which Calvin and appellee were walking, and was a part of same.

From the street to the driveway proper there was a slight elevation of about ten inches, slanting from the street upwards to within about five feet of the property line, from which point it was practically level with the property line. Appellant's automobile, a covered delivery machine, was going west on Michigan Street, and turned south to get across the driveway. Appellee and his uncle were slowly walking west toward the driveway, in the same direction the auto was going, the boy being nearest the property line. Calvin testifies that he and appellee had hardly stepped off the sidewalk onto the driveway when the accident occurred; that they started to make the step at the same time, but as he was taller, appellee pitched forward a little, probably a foot ahead of him and the fender of appellant's automobile struck appellee and knocked him down; the front wheel ran over his right foot; that he jerked appellee out before the back wheels struck him, but he hit his head and shoulders on the concrete driveway; that no horn or whistle was sounded and the machine came upon them at great speed from the rear; that the fender hit Calvin across the arm; that there was a step down from the level of the sidewalk onto the driveway within a foot of the property line of about six to seven inches.

It is argued in support of appellant's contention that "the evidence shows that appellee and witness, Calvin, deliberately walked into appellant's automobile as they walked westward", thus causing the injury complained of; that they had good eyesight and hearing, and there was nothing to obstruct the view. It must be remembered that appellee and Calvin were walking in the same direction the automobile was traveling, and that it approached them from the rear; that the movement

of the automobile was much more rapid than the movements of the parties; that the fact that they did not see the automobile until it struck them is undisputed. There is a dispute as to whether appellant's servants sounded the horn, or made any effort to notify appellee of the approach of the auto, although the driver of the car saw appellee and his foster father approaching the driveway and very near it. The question of appellant's negligence, as well as the negligence of appellee, was submitted to the jury. This court will not weigh the evidence for the purpose of determining upon which side the greater weight lies in any case. Under the circumstances of this case, we need not consider the question as to whether appellee was guilty of negligence which contributed to his injury. He was an infant less than six years of age, and the jury by its verdict finds that he had not reached the age of accountability. In the eyes of the law he was *non sui juris.* The evidence shows he was walking along the street in the direction of his home, at a place where he had a perfect right to be, and if he was gazing in at a shop window, as the driver of the machine states, then it was the driver's duty to use the precautions which the circumstances required to inform appellee of his approach. It was at least his duty to sound the horn, which the general verdict of the jury finds he did not do. He was required to use this care regardless of the age of appellee. It must be taken into account that the use of this crossing was confined to persons who had business with the occupants of adjoining premises, most of the witnesses calling it a private driveway, which fact must be considered in determining the degree of care required of appellant. We can not say under these circumstances that the ver-

diet is contrary to law. *Saylor* v. *Union Traction Co.* (1907), 40 Ind. App. 381, 81 N. E. 94; *Louisville, etc., R. Co.* v. *Sears* (1894), 11 Ind. App. 654, 38 N. E. 837; *Hammond, etc., St. R. Co.* v. *Blockie* (1907), 40 Ind. App. 497, 82 N. E. 541; *Elwood, etc., R. Co.* v. *Ross* (1901), 26 Ind. App. 258, 265, 58 N. E. 535.

It is next urged that the damages assessed by the jury are excessive. There is much evidence as to the physical condition of appellee both before and after the accident. It is very strenuously argued that there was no injury of a permanent character, or even of a serious nature; that the immediate ill effects were due to fright rather than physical injury. The amount of the recovery is $600. There is evidence that appellee was struck by the automobile and knocked down on the concrete pavement, and rendered unconscious; that he remained in a semi-conscious condition until the next day; that his leg and foot were injured; that his eyes, which before the accident had been in fair condition, were now crossed; that his nervous system was severely shocked and that there was a change in his temperament subsequent to the accident. Under such circumstances we can not say that the verdict of the jury was the result of corruption, passion or prejudice, and, therefore, can not say that the damages assessed are excessive. *Joseph E. Lay Co.* v. *Mendenhall* (1913), 54 Ind. App. 342, 102 N. E. 974; *Indianapolis Traction, etc., Co.* v. *Beckman* (1907), 40 Ind. App. 100, 81 N. E. 82; *Oölitic Stone Co.* v. *Ridge* (1910), 174 Ind. 558, 582, 91 N. E. 944; *Terre Haute, etc., Traction Co.* v. *Maberry* (1913), 52 Ind. App. 114, 100 N. E. 401.

Appellant also insists that the court erred in giving and refusing to give certain instructions. We will consider the instructions given and

refused, to which objection is made, in their order. It is argued that instruction No. 1 requested by appellant and refused by the court should have been given. This instruction reads as follows: "The burden is upon the plaintiff to prove the material allegations of this complaint by a preponderance of all the evidence in the case, and unless you find that each and all such allegations are so proven, your verdict should be for the defendant." Instruction No. 2 given by the court on its own motion contains this language: "The burden is upon the plaintiff to establish all the material allegations of his complaint by a preponderance of the evidence". Then follows a definition of preponderance of the evidence. No error can be predicated upon the refusal to give the instruction tendered, as the language of the latter instruction covered the essential ground. It was not harmful to couple with it a definition of preponderance of evidence, and a statement as to where the burden lies.

No error was committed in refusing to give appellant's tendered instruction No. 2, because the essential definition of *non sui juris* is given in the court's instructions Nos. 5 and 6. While the technical words *"non sui juris"* are not used, accountability and appreciation of danger are clearly given, which is sufficient in view of the facts of this case. No error was committed in refusing to give appellant's instruction No. 3 as it was covered by the court's instruction No. 5. Appellant's instruction No. 4 tendered and refused by the court reads as follows: "You are the judges of whether plaintiff did know and appreciate the danger of being struck or run over by defendant's automobile and the burden is upon the plaintiff to prove by a preponderance of the evidence bearing upon that question that plaintiff

did not know and appreciate such danger, and unless you find that plaintiff has so proven that plaintiff did not know and appreciate such danger, then you should find that the plaintiff was *sui juris*, and did know and appreciate said danger." The degree of accountability is covered by the court's instruction No. 5. In the court's instruction No. 6 the jury is told that if plaintiff knew and appreciated the danger of being run over, and that he was also guilty of negligence which contributed to his injury, he could not recover, even though the defendant was guilty of negligence, so that the essential elements of defendant's instruction No. 4 were given, and no error was committed in refusing it. Appellant's instructions Nos. 8, 9 and 10, in so far as they are applicable to the present case, are fully covered by the court's instructions Nos. 10, 11 and 12. We do not find from the evidence that such emergency arose as to require the giving of appellant's instruction No. 11, therefore, no error was committed in refusing it.

The jury was correctly instructed in the court's instructions Nos. 8, 9, 10, 11 and 12 on the questions involved. The court's instruction No. 14 reads as follows: "I instruct you that should you find that Mr. Calvin in whose charge the plaintiff was at the time of the injury in question was himself negligent that such negligence of Mr. Calvin cannot be imputed nor charged to or against the plaintiff." It is argued in this connection that since appellee was accompanied by his foster father, the same degree of care was not required on the part of appellant as would have been required if he were not so accompanied. The jury was fully instructed in instructions Nos. 8 and 9 given by the court on its own motion as to the degree of care required of appellant un-

der the same or similar circumstances, so that the fact that appellee was accompanied by his foster father was a question of argument to the jury rather than for an instruction by the court. *City of Evansville* v. *Senhenn* (1898), 151 Ind. 42, 47 N.E. 634, 51 N. E. 88, 68 Am. St. 218, 41 L. R. A. 728; *Henry* v. *Epstein* (1913), 53 Ind. App. 265, 101 N. E. 647; *City of Jeffersonville* v. *McHenry* (1899), 22 Ind. App. 10, 53 N. E. 183; *McNamara* v. *Beck* (1899), 21 Ind. App. 483, 52 N. E. 707; *Indianapolis St. R. Co.* v. *Bordenchecker* (1904), 33 Ind. App. 138, 70 N. E. 995. No error was committed in the giving of said instruction.

There is a complaint as to the introduction and refusal to admit evidence. We find no error of the court in its rulings on the admission and refusal to admit certain evidence of James F. Calvin set out in the brief.

The court refused to permit Leo Meyers to answer a question directed to him as to what was said by the physician who examined appellee after the injury. The evidence refused does not purport to be a conversation between the physician and appellee such as may be admitted under the holding of the Supreme Court in the case of *Springer* v. *Byram* (1894), 137 Ind. 15, 36 N. E. 361, 45 Am. St. 159, 23 L. R. A. 244, and *Indiana Union Traction Co.* v. *Thomas* (1909), 44 Ind. App. 468, 475, 88 N. E. 356, but is apparently the voluntary statement of the physician at a time when the patient himself was unconscious. Under such circumstances the evidence was inadmissible as being purely hearsay. It could not be heard on the theory that appellee was bound by the statement, and we are of the opinion that if appellee was perfectly conscious the question of its admission would be addressed to the sound discretion of the trial court, in

view of the age of appellee. No error was committed in the exclusion of this evidence.

We find no error in the record which warrants the court in reversing this judgment. Judgment affirmed. Ibach, C. J., Felt, P. J., Hottel, Moran, Caldwell, JJ., concur.

NOTE.—Reported in 111 N. E. 317. As to imputed negligence in case of small child see 110 Am. St. 281. On excessiveness of verdicts in actions for personal injuries other than death, see L. R. A. 1915 F 30; Ann. Cas. 1913 A 1361. On reciprocal duty of operator of automobile and pedestrian to use due care, see 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178. As to negligence of child running in front of automobile, see 26 L. R. A. (N. S.) 435. On imputing negligence of parent to child, see 17 L. R. A. 79; 1 Ann. Cas. 216; 11 Ann. Cas. 686; Ann. Cas. 1912 D 521. As to contributory negligence of parent or custodian as bar to action by child for negligent injuries, see 21 L. R. A. 76; 18 L. R. A. (N. S.) 320. On duty and negligence of operator of automobile see 1 L. R. A. (N. S.) 223; 33 L. R. A. (N. S.) 403. As to the rights and duties of persons driving automobiles in highways, see 13 Ann. Cas. 463; 21 Ann. Cas. 648; as to contributory negligence of children, see 1 Ann. Cas. 895; 17 Ann. Cas. 353; Ann. Cas. 1913 B 969. See, also, under (1) 29 Cyc 627; (2) 3 Cyc 348; (3) 29 Cyc 537; (4) 28 Cyc 28, 30; (5) 13 Cyc 129; (6) 38 Cyc 1704; (8) 38 Cyc 1711; (9) 29 Cyc 556; (11) 16 Cyc 1192.