## MARSHALL *v.* WYMOND ET AL.

[No. 9,670.  Filed January 9, 1919.]

1. APPEAL.—*General Verdict.—Answers to Interrogatories.—Review.*—In determining the sufficiency of the jury's answers to interrogatories to overcome the general verdict, the court will consider only the general verdict, the interrogatories and answers, and the pleadings. p. 165.

2. PARENT AND CHILD.—*Torts of Child.—Action.—General and Special Verdicts.—Consistency.*—In an action based on the tort of the defendants' minor son in shooting and killing the plaintiff's horse, under allegations that the parents negligently permitted the son to use a rifle, knowing that he was unfit to be

Marshall *v.* Wymond—69 Ind. App. 162.

entrusted therewith, it was error to sustain a motion for judgment on special answers showing that the son was not careless in the use of the gun prior to the date of the shooting and that he had made frequent use thereof, since the general verdict for the plaintiff established the fact that the son was knowingly unfit as charged, and this unfitness may have rested in poor marksmanship or in lack of judgment—facts not negatived by the special answers—evidence of which was admissible under the issues.   p. 165.

3.   TRIAL.—*General and Special Verdicts.—Conflict.*—Answers to special interrogatories control the general verdict only when they are in irreconcilable conflict therewith under any evidence admissible within the issues.   p. 165.

4.   APPEAL.—*Disposition.—Remand.*—Where the trial court improperly sustained a motion for judgment on special answers to interrogatories, notwithstanding the general verdict for the plaintiff, and the evidence and instructions are not in the record, the appellate court, in reversing the judgment, will remand the case for new trial, since such court cannot know that intervening errors may not have affected the general verdict.   p. 165.

From Dearborn Circuit Court; *Warren N. Hauck,* Judge.

Action by Sherman Marshall against Ellsworth Wymond and another.   From a judgment for the defendants, the plaintiff appeals.   *Reversed.*

*McMullen & McMullen,* for appellant.
*Givan & Givan* and *L. E. Davis,* for appellees.

REMY, J.—This action was instituted by appellant to recover damages from appellees, as the parents of John Wymond, a minor, for the shooting by said minor of a mare owned by appellant.   The cause was tried before a jury, which returned a verdict for appellant, together with answers to interrogatories submitted.   A motion by appellees for judgment on the answers to interrogatories was sustained, and the alleged error in the court's ruling presents the only question involved in this appeal.

The complaint is in two paragraphs, each of which charges in substance that, on and prior to October 31, 1914, appellees negligently furnished said son a gun and cartridges, which they knew he would, and intended that he should, use, and which they negligently permitted him to use; that appellees knew of the dangerous character of said articles, and that their son was an unfit person to be entrusted with the use thereof; that they also knew that he was in the habit of using said gun and cartridges in a careless manner; and that such use was likely to cause injury to the person or property of others. The complaint further avers that on the day in question appellant was driving his said mare along a public highway, when a rabbit ran across the highway in close proximity to said mare; that appellees' son, with full opportunity to see appellant driving along the highway, negligently shot at the rabbit, and the bullet struck and killed the mare.

The answers to interrogatories show that on October 31, 1914, John Wymond was thirteen years of age; that he was then the owner of a twenty-two-caliber rifle, and had previously owned a Flobert rifle; that he was not familiar with the use of the former; that prior to the time in question he had frequently hunted with a rifle, and had frequently purchased cartridges for use therein, and, prior to October 31, 1914, had not used a rifle or other gun in a careless manner; that appellees had permitted their son to hunt with a rifle or other gun for several years prior to said time, and that he had not theretofore injured any person or property by his careless use of such arms.

In determining the sufficiency of the jury's answers

to interrogatories to overcome the general verdict, the court will consider only the general verdict, the interrogatories and answers, and the pleadings. *Meyers* v. *Winona, etc., R. Co.* (1915), 58 Ind. App. 516, 518, 106 N. E. 377.

The jury found in its answers that John Wymond was not careless in the use of the rifle prior to October 31, 1914, and that he had made frequent use thereof. These answers may be said to negative certain allegations of the complaint, but the jury by its general verdict finds that the boy was an unfit person to be entrusted with fire arms, and that this fact was known to his parents. This unfitness may have rested in poor marksmanship or in a lack of judgment relative to the proper time and place for the use of a gun. Evidence of these deficiencies was admissible under the issues. It is the law that answers to interrogatories control the general verdict only when they are in irreconcilable conflict therewith under any evidence admissible within the issues. *Evansville, etc., Traction Co.* v. *Spiegel* (1911), 49 Ind. App. 412, 419, 94 N. E. 718, 97 N. E. 949. The trial court, therefore, erred in sustaining the motion for judgment on the answers to interrogatories.

The evidence and instructions not being in the record, we cannot know that intervening errors may not have affected the general verdict. For that reason a proper disposition of this case requires a new trial. *Shoner* v. *Pennsylvania Co.* (1892), 130 Ind. 170, 179, 28 N. E. 616, 29 N. E. 775.

Judgment reversed, with instructions to grant a new trial.